Robert Arthur HUPP, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–86–00531–CR, 05–86–00532–CR.

Court of Appeals of Texas,
Dallas.

April 15, 1987.
Discretionary Review Granted July 29, 1987.

John H. Hagler, Dallas, for appellant.
Michael A. Klein, Dallas, for appellee.

Before ROWE, HOWELL and LAGARDE, JJ.

ROWE, Justice.

Robert Arthur Hupp appeals his convictions for aggravated sexual assault of two children. The jury assessed punishment at life imprisonment in each case. In three points of error, appellant contends that 1) he was denied the effective assistance of counsel at his trial, 2) the jury instructions regarding the parole law and good conduct time violated the separation of powers doctrine, and 3) the jury instructions regarding the parole law and good conduct time constituted a denial of due process. We overrule all points of error and affirm the convictions.

Appellant's first point of error alleges ineffective assistance of counsel. This claim is based upon three alleged omissions by counsel: 1) the defense attorney's failure to request a pretrial hearing on the voluntariness of appellant's written confession pursuant to TEX.CODE CRIM.PROC. ANN. art. 38.22, § 6 (Vernon 1979) and his failure to object to the confession's admissibility as involuntarily given; 2) failure to object to the mother's testimony that the

children had told her that appellant had sexually assaulted them; and 3) failure to determine whether Dr. Grigson, a psychiatrist, would be violating appellant's fifth amendment rights by testifying for the State during the guilt/innocence phase and counsel's subsequent failure to object to portions of Dr. Grigson's testimony.

 The sixth amendment right to counsel means that the accused is entitled to reasonably effective assistance of counsel. This does not, however, mean that the accused is entitled to errorless or perfect counsel. In general, isolated errors of commission or omission do not cause counsel to become ineffective, and in determining whether there was ineffective assistance of counsel, we look at the trial as a whole. Indeed, judicial scrutiny of counsel's performance must be highly deferential and every effort made to eliminate the distorting effects of hindsight. *Moore v. State,* 700 S.W.2d 193, 205 (Tex.Crim. App.1985); *Ingham v. State,* 679 S.W.2d 503, 509 (Tex.Crim.App.1984).

The Court of Criminal Appeals has recently held that neither TEX.CONST. art. I, § 10 nor TEX.CODE CRIM.PROC.ANN. art. 1.05 (Vernon 1977) creates a standard in ineffective assistance cases that is more protective of a defendant's rights than the standard set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim. App.1986). Therefore, we must follow *Strickland* in evaluating claims of ineffective assistance.

 Under *Strickland,* a convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. Next, a two-prong test must be applied. First, the defendant must show that counsel's performance was deficient, i.e., that his assistance was not reasonable under prevailing professional norms. Second, and assuming the defendant has first shown deficient performance, the defendant must affirmatively show prejudice. That is, the defendant must show a reason-able probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 104 S.Ct. at 2066–68. However, in evaluating claims of ineffective assistance there is no reason for a reviewing court to approach the performance component prior to the prejudice component or even to address both components of the inquiry if the defendant has made an insufficient showing on one. *Strickland,* 104 S.Ct. at 2069.

 Appellant first identifies the defense attorney's failure to request a pretrial hearing as to the written confession's admissibility or to object to its admissibility during trial as involuntarily given. Appellant testified that he did not remember making a voluntary statement and that he suffers "black-out spells." An officer testified that he read appellant his *Miranda* warnings both upon arrest and before he made his confession. There is testimony that appellant was alert and attentive and that he knowingly and voluntarily waived his rights. The confession was signed by appellant and states that it was voluntarily made. Therefore, the defense attorney's failure to request a pretrial hearing as to voluntariness may have been a tactical decision based on his perception that the statement was voluntary.

 Appellant next identifies the defense attorney's failure to object to the mother's "outcry" testimony. The mother testified that both children approached her and told her that appellant had sexually assaulted them. A conviction under TEX. PENAL CODE ANN. § 22.021 (Vernon Supp.1987) is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed another person, other than the defendant, within six months of the alleged offense. The requirement that the victim inform another person of an alleged offense does not apply if the victim, as in the present cases, was younger than fourteen years of age at the time of the alleged offense. TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon

**358**

Supp.1987). However, under article 38.07 the uncorroborated testimony of a witness in whom the victim confides is admissible to show that a complaint was made and the basic nature of the complaint when the outcry was made within six months of the attack. *Heckathorne v. State,* 697 S.W.2d 8, 12 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). Accordingly, the mother's testimony was admissible. The only procedural requirements under TEX.CODE CRIM. PROC.ANN. art. 38.072 (Vernon Supp. 1987) that the State failed to meet were the notice and hearing requirements, the purpose of which are to prevent surprise to appellant's counsel. Since the children did testify and there is no evidence in the record that appellant's attorney was surprised by the mother's testimony, there was no prejudice to appellant's case by admission of the mother's testimony.

■ Appellant next identifies the defense attorney's failure to object to the testimony of Dr. Grigson, the psychiatrist who testified for the State. The fact that appellant's statements were uttered in the context of a psychiatric examination does not automatically remove them from the reach of the fifth amendment. *Estelle v. Smith,* 451 U.S. 454, 466, 101 S.Ct. 1866, 1874–75, 68 L.Ed.2d 359 (1981). However, the State used Dr. Grigson's testimony to impeach the testimony of appellant and refute the testimony of Dr. Cook, the appellant's psychologist, who had testified earlier in the trial. Appellant's election to testify as well as the introduction by the defense of psychiatric testimony constituted a waiver of appellant's fifth amendment privilege. *Battie v. Estelle,* 655 F.2d 692, 701–02 (5th Cir.1981). Once a defendant decides to testify, the interests of the other party and regard for the function of courts of justice to ascertain the truth become relevant, and prevail in the balance of considerations determining the scope and limits of the privilege against self-incrimination. *Jenkins v. Anderson,* 447 U.S. 231, 239, 100 S.Ct. 2124, 2129–30, 65 L.Ed.2d 86 (1980). Furthermore, counsel made several objections during Dr. Grigson's testimony and also asked for and obtained an instruction to disregard as to questions concern-

ing the sincerity of appellant's religious beliefs.

In applying the two-prong *Strickland* test to the alleged omissions of defense counsel, we are unable to find a reasonable probability that, absent the asserted errors, the fact finder would have had a reasonable doubt respecting guilt. Accordingly, appellant's first point of error is overruled.

■ In his second point of error, appellant contends that TEX.CODE CRIM. PROC.ANN. art. 37.07, § 4(a) (Vernon Supp.1987) deprived the appellant of his right to a fair trial because it violates the separation of powers doctrine. We disagree. This court has held that article 37.07, § 4(a), does not violate the separation of powers doctrine under the Texas and United States Constitutions. *Rose v. State,* 724 S.W.2d 832 (Tex.App.—Dallas, 1986, pet. granted); *Joslin v. State,* 722 S.W.2d 725 (Tex.App.—Dallas 1986, pet. granted). Appellant's second point of error is overruled.

■ In his third point of error, appellant contends that the statute is unconstitutional because it violates the due process clause. We disagree on the basis of our holdings, in *Rose* and *Joslin,* that article 37.07, § 4, does not violate the due process clauses of the Texas and United States Constitutions. Appellant's third point of error is overruled.

The judgment is affirmed.