Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeal is taken from a conviction for the offense of Attempt to Commit Murder. After finding appellant guilty, the jury assessed punishment at 15 years confinement in the Texas Department of Corrections.

On direct appeal, Appellant argued the trial court erred in instructing the jury on the law concerning good time and parole, inasmuch as the charge is predicated upon an unconstitutional statute. The Court of Appeals rejected appellant's challenge to Article 37.07, Sec. 4, V.A.C.C.P. *Shaw v. State*, 729 S.W.2d 134 (Tex.App.—Fort Worth, 1987).

In his petition for discretionary review, Appellant urges the Court of Appeals erred in holding Article 37.07, Sec. 4, supra, is constitutional. We find appellant is correct.

In *Rose v. State*, 752 S.W.2d 529 (Tex. Crim.App.1988), this Court determined that Article 37.07, Sec. 4, is unconstitutional. Under *Rose*, supra, it is still necessary for the Court of Appeals to conduct a harmless error analysis under the guidelines of Tex. R.App.P. 81(b)(2).

The judgment of the Court of Appeals is vacated, and this cause is remanded to that Court for further proceedings consistent with this opinion.

---

**Robert Arthur HUPP, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0602–87.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 9, 1988.

John H. Hagler, on appeal only, Dallas, for appellant.

Henry Wade, Former Dist. Atty. and Michael A. Klein, Thomas R. Grett and Heidi Akins, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeal is taken from a conviction for the offense of Aggravated Sexual Assault on two children. After finding appellant guilty, the jury assessed punishment at confinement for Life in the Texas Department of Corrections.

On direct appeal, Appellant argued the trial court erred in instructing the jury on the law concerning good time and parole, inasmuch as the charge is predicated upon an unconstitutional statute. The Court of Appeals rejected appellant's challenge to Article 37.07, Sec. 4, V.A.C.C.P. *Hupp v. State*, 729 S.W.2d 355 (Tex.App.—Dallas, 1987).

In his petition for discretionary review, Appellant urges the Court of Appeals erred in holding Article 37.07, Sec. 4, supra, is constitutional. We find appellant is correct.

In *Rose v. State*, 752 S.W.2d 529 (Tex. Crim.App.1988), this Court determined that

Article 37.07, Sec. 4, is unconstitutional. Under *Rose*, supra, it is still necessary for the Court of Appeals to conduct a harmless error analysis under the guidelines of Tex. R.App.P. 81(b)(2).

The judgment of the Court of Appeals is vacated, and this cause is remanded to that Court for further proceedings consistent with this opinion.

**Robert Arthur HUPP, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0603–87.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 9, 1988.

John H. Hagler, on appeal only, Dallas, for appellant.

Henry Wade, Former Dist. Atty. and Michael A. Klein, Thomas R. Grett and Heidi Akins, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeal is taken from a conviction for the offense of Aggravated Sexual Assault on two children. After finding appellant guilty, the jury assessed punishment at confinement for Life in the Texas Department of Corrections.

On direct appeal, Appellant argued the trial court erred in instructing the jury on the law concerning good time and parole, inasmuch as the charge is predicated upon an unconstitutional statute. The Court of Appeals rejected appellant's challenge to Article 37.07, Sec. 4, V.A.C.C.P. *Hupp v. State,* 729 S.W.2d 355 (Tex.App.—Dallas, 1987).

In his petition for discretionary review, Appellant urges the Court of Appeals erred in holding Article 37.07, Sec. 4, supra, is constitutional. We find appellant is correct.

In *Rose v. State,* 752 S.W.2d 529 (Tex. Crim.App.1988), this Court determined that Article 37.07, Sec. 4, is unconstitutional. Under *Rose*, supra, it is still necessary for the Court of Appeals to conduct a harmless error analysis under the guidelines of Tex. R.App.P. 81(b)(2).

The judgment of the Court of Appeals is vacated, and this cause is remanded to that Court for further proceedings consistent with this opinion.

**Gary MATHEWS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 613–87.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 9, 1988.

Gary Mathews, pro se.

Grant Jones, Dist. Atty. and Deanie M. King, Asst. Dist. Attys., Corpus Christi,