**Gilbert Silva REYES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–97–01370–CR to 01–97–01372–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 2, 1999.

James L. Ducote, League, for Appellant.

Michael J. Guarino, Richard H. Branson, Galveston, for State.

Panel consists of Chief Justice SCHNEIDER and Justices O'CONNOR and TAFT.

## OPINION

SCHNEIDER, Chief Justice.

A jury convicted appellant, Gilbert Silva Reyes, of one charge of indecency with a child and two charges of aggravated sexual assault of a child. The jury assessed punishment at 10 years confinement on the indecency conviction and confinement for life on each of the convictions for aggravated sexual assault of a child. We affirm all three judgments.

### FATAL VARIANCE

In his first point of error, appellant contends there is a fatal variance between the indictment in cause number 96CR1231 (appellate number 01–97–01371–CR) and the evidence adduced at trial. Specifically, appellant argues that the indictment alleges the complainant was named "Cynthia Torres," while the evidence at trial showed that the victim was named "Cynthia Trevino." In a related point of error two, appellant argues that, in light of the alleged fatal variance, the trial court erred by

including the name "Cynthia Torres" in the charge.

The indictment in trial court cause number 96CR1231 provided in part:

> ... GILBERT SILVA REYES ... did then and there intentionally and knowingly cause penetration of the female sexual organ of a child, Cynthia Torres, by the said GILBERT SILVA REYES then and there using his finger, and the said Cynthia Torres was younger than fourteen (14) years of age.

However, when the complainant testified at trial, she said that her name was Cynthia Trevino. In fact, all of the witnesses identified the complainant as Cynthia Trevino. There is nothing in the record to indicate that the complainant ever went by the name Cynthia Torres, although her younger sister was named Shante Torres.[1]

■ As a general rule, a variance between the indictment and evidence at trial is fatal to a conviction. *Stevens v. State*, 891 S.W.2d 649, 650 (Tex.Crim.App.1995). This is because due process guarantees the defendant notice of the charges against him. *Id.* Due process is violated when an indictment alleges one offense, but the State proves another. *Id.*

■ However, not every variance between the evidence at trial and the indictment is fatal. *Id.* Only a material variance is fatal. *Id.* "The object of the doctrine of variance between allegations of an indictment is to avoid surprise, and for such variance to be material it must be such as to mislead the party to his prejudice." *Id.,* quoting *Plessinger v. State*, 536 S.W.2d 380, (Tex.Crim.App.1976). Thus, for a variance to be material, it must mislead the defendant to his prejudice. *Id.*

In *Stevens*, the indictment alleged a numerical pseudonym for the complainant. The defendant argued that such action created a fatal variance between the State's pleading and the proof at trial. *Id.* at 650. The Court of Criminal appeals held that because the record affirmatively showed that the defendant was not surprised by the identity of the complainant, there was no material variance. *Id.* at 651.

■ We recognize that *Stevens* is distinguishable because in that case, the indictment alleged a pseudonym for the complainant, as provided for in Tex.Code Crim. P. Ann. art. 57.02(b) (Vernon Supp.1999), but, in this case, apparently the State simply made an error in the indictment and used the last name of the complainant's younger sister. However, we believe that the reasoning of *Stevens* is equally applicable to this case. The record shows unequivocally that appellant was not misled about the true identity of the complainant. Appellant was the step-father of all three complainants and had lived in the same home with them since they were infants. Two of the three complainants were properly named in the indictments. There is also affirmative evidence that appellant had actual knowledge of the complainant's true name. The record shows that appellant filed a "Motion to Cross–Examine Complainants." In the motion, appellant referred to Cynthia as "Cynthia Trevino." This is proof that appellant *knew* that his accuser was Cynthia Trevino, even though the indictment referred to her as Cynthia Torres. Thus, he was able to prepare his defense accordingly.

It should be noted that this is *not* a case involving the doctrine of *idem sonans*, or a situation in which the complainant was known by more than one name, both situations in which the variance between the indictment and the proof have been held to be immaterial. *See Farris v. State*, 819 S.W.2d 490, 496 (Tex.Crim.App.1990) (variance between indictment and proof of a name will not impugn conviction if names sound alike); *see also Blankenship v.*

---

1. It appears from the record that Cynthia and her older sister, Angel (the complainant in cause number 96CR1232), went by the surname Trevino, while their younger sister, Shante (the complainant in cause number 96CR01230), went by the surname Torres. Appellant was the step-father of all three girls.

*State,* 785 S.W.2d 158, 159–60 (Tex.Crim. App.1990) (evidence sufficient if proof shows that complainant was also "known by" name alleged in indictment). Instead, our holding is based upon the reasoning of *Stevens, i.e.,* the evidence is sufficient if the defendant was not surprised or prejudiced by the variance.

Because the record affirmatively shows that appellant was not surprised or prejudiced by the variance between the indictment and the proof in this case, the variance is not material, and the trial court did not err in so charging the jury. We overrule points of error one and two.

## JUROR MISCONDUCT

In point of error three, appellant contends the trial court erred by overruling his motion for a new trial based on juror misconduct. In his motion for new trial, appellant attached the affidavits of his brother, Jose Reyes, and his sister-in-law, Betty Reyes. Both affidavits claim the affiants overheard a juror discussing the case while talking on the telephone. The juror allegedly said, "We have already convicted this man. Now we have to sit here and listen to what a good guy he is supposed to be."

At the motion for new trial, the juror, Lowell Bindhammer, testified that while serving as a juror he would call his office everyday during the break. He denied saying anything about having to sit and listen to what a good guy appellant was supposed to be. He also denied discussing any part of the case with anyone else or receiving any advice as to what he should do in appellant's case. He testified that the telephone call was about a termite problem with a house involved in a real estate closing and lasted about one minute. The telephone call played no part in his deliberations as a juror.

Jose and Betty Reyes testified in accordance with their affidavits.

Where there is conflicting evidence on an issue of fact as to jury miscon-duct, the trial court determines the issue and there is no abuse of discretion in overruling the motion for new trial. *Lewis v. State,* 911 S.W.2d 1, 7 (Tex.Crim.App. 1995). The trial judge is the judge of the credibility of the witnesses and is free to believe a witness's testimony as to the extent of the discussion and the absence of improper conduct, and free to disbelieve and reject all or part of the testimony of other witnesses. *Avalos v. State,* 850 S.W.2d 781, 784 (Tex.App.—Houston [14th Dist.] 1993, no pet.).

In resolving the conflicting evidence, the trial court was entitled to believe Bindhammer and disbelieve the Reyeses.

We overrule point of error three.

We affirm the judgments.

Justice O'CONNOR dissenting in cause no. 01–97–01371–CR.

O'CONNOR, Justice, dissenting.

I disagree with the panel's resolution of point of error one. I would reverse in trial cause number 96CR1231, which is our cause number 01–97–01371–CR.

## FATAL VARIANCE

The State did not prove the allegations in the indictment in cause number 96CR1231. In that indictment, the appellant was charged with indecency with a child by the name of "Cynthia Torres." At trial, the State's evidence showed that the appellant engaged in indecency with a child by the name of "Cynthia *Trevino.*" In the charge, the jury was asked if the appellant engaged with indecency with a child by the name of "Cynthia Torres."

The majority recognizes the general rule that a variance between the indictment and evidence at trial is fatal to a conviction. The majority acknowledges that due process is violated when an indictment alleges one offense, but the State proves another. The majority then goes on to assume the variance between the evidence at trial and the indictment was not fatal

because it was not a material variance. The majority decides that a mistake in the name of the complainant was not a fatal variance by relying on a case that relied on a statute that permits the use of a pseudonym for a complainant. *See Stevens v. State*, 891 S.W.2d 649, 650 (Tex.Crim.App. 1995); TEX.CODE CRIM. P. art. 57.02(b).

No pseudonym was used in this case; the State made an error in introducing its evidence. There is a significant difference between a statute that permits the State to use a pseudonym and the State's failure to prove the allegations in the indictment.

The majority makes the astounding statement that "The record shows unequivocally that appellant was not misled about the true identity of the complainant." From this, I assume that any error in the State's proof can be supplied by assuming the defendant knew what the proof should have been.

I would reverse the judgment and acquit the appellant in trial cause number 96CR1232, our cause number 01–97–01371–CR.