**Berley SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–00–00134–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 26, 2001.

Decided Jan. 29, 2001.

Scott Rectenwald, Marshall, for appellant.

Todd E. Fitts, Asst. District Attorney Harrison County, Marshall, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Berley Smith appeals from his conviction for indecency with a child. In a single, four-count indictment, the State alleged that on each of two separate occasions, Smith touched the victim's genitals and caused the victim to touch his genitals. The victim was eight years old at the time. A jury convicted Smith on three of the four counts and assessed punishment at ninety-nine years' confinement for each offense. The trial court ordered that the sentence for each offense run concurrently.

Smith first contends he received ineffective assistance of counsel. The standard for testing claims of ineffective assistance of counsel was set out by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted for Texas constitutional claims in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986). To prevail, Smith must prove by a preponderance of the

evidence (1) that his counsel's representation fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced his defense. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Tong v. State,* 25 S.W.3d 707, 712 (Tex. Crim.App.2000).

To meet this burden, Smith must prove that his attorney's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for his attorney's deficiency, the result of the trial would have been different. *Strickland,* 466 U.S. at 688, 694, 104 S.Ct. 2052; *Tong,* 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052; *Tong,* 25 S.W.3d at 712.

Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffectiveness claim. *Id.*

Our review of counsel's representation is highly deferential; we indulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052; *Tong,* 25 S.W.3d at 712. We will not second-guess through hindsight the strategy of counsel at trial, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State,* 588 S.W.2d 588, 592 (Tex.Crim.App. 1979). The fact that another attorney, even Smith's attorney on appeal, might have pursued a different course of action does not necessarily indicate ineffective assistance. *Harner v. State,* 997 S.W.2d 695, 704 (Tex.App.—Texarkana 1999, no pet.).

Smith's allegation of his counsel's ineffectiveness centers around his failure to object, on hearsay grounds, to the testimony of the State's outcry witness, the victim's mother. The first person, eighteen years old or older, other than the defendant, to whom the child victim makes a statement about the offense may testify about the statement, notwithstanding the hearsay rule, if: (1) at least fourteen days before trial, the party intending to offer the statement notifies the other party of its intent, provides the other party the name of the witness through whom it intends to offer the statement, and provides the other party with a written summary of the statement; (2) the trial court finds, after a hearing, that the statement is reliable based on the time, content, and circumstances of the statement; and (3) the child testifies or is available to testify. TEX.CODE CRIM. PROC. ANN. art. 38.072 (Vernon Supp.2001). The requirements of Article 38.072 are mandatory. *Long v. State,* 800 S.W.2d 545, 547 (Tex.Crim.App.1990); *see also Dorado v. State,* 843 S.W.2d 37, 38 (Tex.Crim.App.1992).

The record reveals that trial began on May 22, 2000. On May 15, 2000, the State filed its "Notice of Outcry Witness." The State's notice identifies the victim's mother as the outcry witness and provides a "Summary of Testimony," which recites:

That on or about June 26, 1999 [the victim] informed [the outcry witness] that the Defendant, Berely [sic] Smith, on or about April 9, 1999, and June 17, 1999, committed the following acts of sexual misconduct on her that are summarized in the attached statement.

There is no statement attached to the State's notice.

The State concedes that its notice was deficient in being untimely and in failing to

provide a complete summary of the witness' testimony. Further, the State concedes that the trial court did not test the reliability of the child victim's statements in a separate hearing outside the jury's presence.

The State contends, however, that there is no evidence in the record concerning why Smith's counsel did not object and, in particular, whether his failure to object had a basis in trial strategy. In response, Smith contends, essentially, that no reasonable trial counsel would have refrained from objecting when such an objection would have meant that evidence of his client's guilt would have been excluded.

 The outcry witness' testimony was admissible, not to establish the truth of the statements made by the child victim, but to show that an outcry was made and the basic nature of the complaint. *Hupp v. State*, 729 S.W.2d 355, 357–58 (Tex. App.—Dallas 1987), *vacated and remanded on other grounds*, 761 S.W.2d 10–11 (Tex.Crim.App.1988) (citing TEX.CODE CRIM. PROC. ANN. art. 38.07 (Vernon Supp. 2001) and *Heckathorne v. State*, 697 S.W.2d 8, 12 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd)). Of course, such testimony would be subject to a limiting instruction at the defendant's request. *Heckathorne*, 697 S.W.2d at 12. Nevertheless, the failure to object to admissible evidence is not ineffective assistance of counsel. *Burruss v. State*, 20 S.W.3d 179, 188 (Tex.App.—Texarkana 2000, pet. ref'd).

However, Smith contends that the outcry witness' testimony was necessary to establish that he caused the victim to touch his genitals, as alleged in count two of the indictment. Such testimony arguably goes beyond what was necessary to establish that an outcry was made and the basic nature of the outcry, and was therefore susceptible to a hearsay objection.

He contends that without the outcry witness' testimony that the victim said he caused her to touch his genitals, the State would face an evidence sufficiency problem.

Smith's contention is immaterial to an appeal of his convictions under counts one and three, as those counts alleged that Smith touched the victim's genitals. In any event, we disagree that the outcry witness' testimony—that the victim told her that Smith caused her to touch his genitals, as alleged in count two—goes beyond what is necessary to state the basic nature of the outcry. In fact, such testimony does nothing more than establish the basic nature of the outcry.

Even if the testimony did go beyond what was necessary to establish the basic nature of the outcry, the State contends the victim also testified that Smith caused her to touch his genitals. The victim testified as follows:

Q. Did—what about Berley? Did he have his clothes off?

A. He had his clothes on.

Q. Did he ever take his clothes off?

A. No.

Q. Did you ever touch him anywhere?

A. Yes.

Q. How did that happen? Can you tell us?

A. He touched me and then his private part.

Q. When you say private part, where are you talking about?

A. Here (indicating).

Smith contends that the victim's testimony establishes that Smith touched himself, rather than that he caused the victim to touch him. We agree with the State, however, that a reasonable juror, listening to the testimony in context and seeing the victim's gestures, could have understood

the victim's statement as an imprecise way of saying that Smith caused her to touch his genitals. In any event, Smith has not raised an evidence sufficiency issue.

Further, Smith still has the burden to show there is a reasonable probability that, but for his attorney's deficiency, the result of the trial would have been different. *Strickland*, 466 U.S. at 688, 694, 104 S.Ct. 2052; *Tong*, 25 S.W.3d at 712. The appellants in *Wylie v. State*, 908 S.W.2d 307, 309 (Tex.App.—San Antonio 1995, pet. ref'd), and *Hupp*, 729 S.W.2d at 358, could not show prejudice from their attorney's failure to object to testimony from an outcry witness, despite the State's failure to comply with Article 38.072. The courts in both cases reasoned that the State failed to comply with the notice and hearing requirements of the statute, the purpose of which is to prevent surprise, but that the defendant failed to show prejudice because the victim also testified and there was no evidence that the appellant's attorney was surprised by the outcry witness' testimony. *Wylie*, 908 S.W.2d at 309; *Hupp*, 729 S.W.2d at 358.

In *Alvarado v. State*, 775 S.W.2d 851, 853, 856 (Tex.App.—San Antonio 1989, pet. ref'd), however, the court of appeals sustained a contention of ineffective assistance, in part because the defendant's trial counsel failed to object to improper outcry testimony. In that case, however, the defendant's counsel failed to object to other inadmissible testimony that bolstered the outcry witness' testimony. *Id.* at 853–54, 856. In addition, the defendant's counsel failed to object to testimony concerning sexual abuse by the defendant against another victim. *Id.* at 855. The court stated that if the inadmissible testimony was disregarded, the remaining evidence consisted of testimony by the victim and her brother, which was a very small part of the record, was tentative, and was unspecific as to when the acts of abuse occurred. *Id.* In view of the "overwhelming" amount of improper evidence the jury was allowed to consider, the court of appeals reversed the defendant's conviction. *Id.* at 857.

In the present case, the outcry witness testified:

Q. Okay. Can you tell us what [the victim] told you?

A. [The victim] told me that [Smith] touched her and he made her pull down her pants and he would touch her in certain places ... and she told him to stop and he wouldn't stop and she was scared to tell me.

Q. ... did you question her about how many times this occurred?

A. Well, I asked her and she couldn't remember how many times; but, it was quite often.... And she was scared because she went back on Father's Day weekend and it happened again.

There is no indication that Smith's attorney was surprised by this evidence. The testimony closely comports with the allegations in the indictment. Although it provides more detail than was furnished in the State's inadequate "Notice of Outcry Witness," it is not inconsistent with that notice. In addition, the victim had already testified similarly. This case is distinguishable from *Alvarado* because here the record does not demonstrate that other inadmissible evidence was also admitted because of counsel's failure to object. Smith has not shown that there is a reasonable probability that the results of his trial would have been different. We overrule his first issue on appeal.

In his second issue on appeal, Smith contends the evidence was insufficient because there was a fatal variance between count one of the indictment and the proof at trial. Count one of the indictment alleged:

[T]hat **Berley Smith** ... with intent to arouse and gratify the sexual desire of Berley Smith, intentionally or knowingly engage[d] in sexual contact with [the victim's first, middle, and last name are stated] by touching the genitals of [the victim's first and middle name are stated, but the defendant's last name is used], a child younger than 17 years and not the spouse of the defendant.

In alleging the name of a person necessary to be stated in the indictment, it is sufficient to state one or more of the initials of their given name and their surname. Tex. Code Crim. Proc. Ann. art. 21.07 (Vernon Supp.2001). If a person is known by two or more names, it is sufficient to state either name. *Id.*

Smith contends that the State proved he was guilty of indecency with the victim, but charged him with indecency with another person—a person with the victim's first and middle name, but his last name. Further, he alleges that there is no evidence that the victim was ever known by his last name.

■■■■ A variance between the indictment and the evidence may be fatal to a conviction, because due process guarantees that the defendant have notice of the charges against him. *Rojas v. State*, 986 S.W.2d 241, 246 (Tex.Crim.App.1998). However, only a material variance is fatal. *Id.* A variance between the indictment and the proof at trial is material only if it operated to Smith's surprise or prejudiced his rights. *Id.*

The indictment in the present case does not involve a variance at all; rather, it contains an incorrect statement of the manner and means by which Smith was alleged to have committed the offense. The literal language of the indictment charges Smith with engaging in sexual contact with the victim by touching the genitals of someone else. Sexual contact means touching the anus, breast, or any part of the genitals of another person with the intent of arousing or gratifying the sexual desire of any person. Tex. Pen. Code Ann. § 21.01(2) (Vernon 1994). The indictment fails to properly recite the manner and means by which Smith engaged in sexual contact, because it is impossible for him to engage in sexual contact with someone by touching the genitals of someone else.

In *Duron v. State*, 956 S.W.2d 547, 551 (Tex.Crim.App.1997), the appellant alleged that an indictment, which charged him with having sexual contact with a child with the intent to arouse his own sexual desire, was not an indictment because it failed to allege an offense. The indictment in that case alleged that sexual contact occurred when the appellant rubbed his penis between the child's legs. *Id.* The Texas Court of Criminal Appeals rejected that argument, holding that the crime must be alleged in the indictment with enough specificity and clarity that the defendant can identify the penal statute under which the State intends to prosecute. *Id.* at 550.

Therefore, in the present case, the indictment was merely defective. The failure to object to a defect in the indictment before trial waives any objection on appeal. Tex.Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp.2001).[1]

---

1. Tex.Code Crim.Proc.Ann. art. 1.14(b) (Vernon Supp.2001) provides as follows:

If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

Even if there was a variance, however, Smith has failed to show how he was surprised or prejudiced. In *Stevens v. State,* 891 S.W.2d 649, 650–51 (Tex.Crim.App. 1995), the Texas Court of Criminal Appeals held that the defendant was not surprised by the State's use of a numerical pseudonym to describe the victim because the State disclosed the victim's name in response to pretrial discovery requests and in its notice of its intent to use outcry witness testimony. In addition, the defendant used the victim's name in pretrial filings, and both parties used the victim's name at a pretrial hearing. *Id.*

In *Reyes v. State,* 3 S.W.3d 623, 624 (Tex.App.—Houston [1st Dist.] 1999, no pet.), the court of appeals also found that the defendant was not surprised when the indictment alleged the victim's name was Cynthia Torres, but the evidence showed the victim's actual name was Cynthia Trevino. In that case, the appellant was the stepfather of the three victims alleged in the indictment and had lived in the same house with them since they were infants. *Id.* at 625. Two of the three victims were correctly named in the indictment. *Id.* In addition, the defendant had used the name Cynthia Trevino in describing the victim in pretrial filings. *Id.*

In the present case, Smith cannot contend he was surprised by the variance in the victim's name in count one of the indictment. First, the victim's name is correctly stated in the same count of the indictment. Second, the victim's name is correctly stated six times in the other three counts of the indictment. Third, the evidence showed that Smith, while not related to the victim, lived with the victim's natural father, and the victim visited the house every other week. Fourth, the State disclosed the victim's correct name in its "Notice of Outcry Witness." Finally, the report from the State's court-appoint-ed psychiatrist, who testified for Smith at trial, though not using the victim's name, describes Smith's understanding of facts about the victim and her family that make it clear that he was not confused about who the victim was alleged to be. Smith's second issue on appeal is overruled.

The judgment is affirmed.