NUMBER 13-03-554-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






TERRENCE DEWAYNE LEWIS, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 24th District Court of Victoria County, Texas.






MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Baird (1)


Memorandum Opinion by Justice Baird


 Appellant was charged by indictment with the offense of murder. The indictment
also alleged two prior felony convictions for the purpose of enhancing the range of
punishment. A jury convicted appellant of the charged offense, found the enhancement
allegations true, and assessed punishment at confinement for life in the Texas Department
of Criminal Justice-Institutional Division. Appellant raises three points of error. We affirm.

I. Denial of Motion for Continuance.

 The first point of error contends the trial judge's denial of appellant's motions for
continuance constituted reversible error. The following facts are not in dispute. On June
19, 2002, appellant was convicted of possession with intent to deliver a controlled
substance. (2) On April 21, 2003, trial in the instant case began. However, the trial judge
granted appellant's motion for mistrial the following day. Appellant was transported from
Victoria County to confinement in a Texas Department of Criminal Justice-Institutional
Division facility in Abilene. He was returned to Victoria County on the night of August 7,
2003. The following day, trial counsel filed his first motion for continuance stating he
needed additional time to consult with appellant. The trial judge took that motion under
consideration and proceeded to hear appellant's motion to suppress. The following
Monday, August 11, trial counsel filed a second motion for continuance, seeking a
transcript of the testimony taken at the motion to suppress hearing. Both motions were
denied. Appellant argues a continuance should have been granted.

 The grant or denial of a motion for continuance is within the sound discretion of the
trial court. Heiselbetz v. State, 906 S.W.2d 500, 511-12 (Tex. Crim. App. 1995). A
defendant must show "specific prejudice to his defense" to establish that the trial court
abused its discretion in refusing to grant a continuance. Id. Under an abuse of discretion
standard, we must uphold the trial judge's ruling if it was within the zone of reasonable
disagreement. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

 Appellant sets forth the nine factors noted in Rosales v. State, 841 S.W.2d 368, 374
(Tex. Crim. App. 1992), in support of this point of error. (3) However, those factors are for the
trial judge to weigh when considering a motion for continuance. An appellate court should
not reweigh those factors, but rather determine whether the trial court could have
reasonably concluded that the fair and efficient administration of justice weighed more
heavily in favor of denying the motion for continuance. Greene v. State, 124 S.W.3d 789,
794 (Tex. App.-Houston [1st Dist.] 2003, pet. ref'd).

 As noted above, this case was previously scheduled for trial and a jury was
empaneled in April, 2003. The instant trial occurred four months later. Appellant was
represented by the same trial counsel. No motion for continuance was urged in April and
there is no indication that appellant was not ready for trial then. The record does not show
any new developments arising between April and August that would have caused the need
for a continuance. Moreover, there is nothing in the record to indicate that trial counsel
was less prepared for the instant trial than he was in April.

 Appellant does complain that he was not returned to Victoria County ten days prior
to trial. The first motion for continuance states that time was needed "in order that
[appellant] and his attorney could go over matters pertaining to trial." However, appellant
and trial counsel did have four days to discuss any matters related to trial. There is no
showing that this amount of time, although less than counsel and appellant had
contemplated, was insufficient to adequately prepare the case for a second trial.

 Accordingly, we hold the trial judge did not abuse his discretion in denying
appellant's motions for continuance. The first point of error is overruled.

II. Disclosure of Brady Material.

 Appellant's second point of error contends the State failed to disclose favorable
evidence as required by Brady v. Maryland, 373 U.S. 83 (1963). Specifically, appellant
contends the State failed to inform him (appellant) that he (appellant) had previously
worked for the State as a confidential informant. His work as an informant was unrelated
to the instant offense.

 In Brady, the United States Supreme Court recognized a due process right to have
the government disclose evidence in its possession which was favorable to the accused. 
Id. at 87. For a Brady violation to require reversal, the defendant must show: (1) the State
failed to disclose evidence, regardless of the prosecutor's good or bad faith; (2) the
withheld evidence was favorable to the defendant; and, (3) the withheld evidence was
material, that is, there is a reasonable probability that had the evidence been disclosed,
the outcome of the trial would have been different. Ex parte Richardson, 70 S.W.3d 865,
870 (Tex. Crim. App. 2002). For the following reasons, we do not believe the instant case
presents a Brady violation.

 First, regarding the duty to disclose, Brady material applies to information that is
known to the prosecution but unknown to the defense. United States v. Agurs, 427 U.S.
97, 103 (1976). (4) Brady does not impose a duty on the State to provide facts known to or
discoverable by the defendant. Havard v. State, 800 S.W.2d 195, 204-05 (Tex. Crim. App.
1989). In the instant case, both appellant and defense counsel were aware that appellant
had worked as a confidential informant. (5) Their knowledge of this fact defeats appellant's
claim of nondisclosure.

 Second, we do not find appellant's work as an informant to constitute favorable
evidence. Our law is clear that "favorable evidence" is any evidence that, if disclosed and
used effectively, may make a difference between conviction and acquittal and includes
both exculpatory and impeachment evidence. Thomas v. State, 841 S.W.2d 399, 404
(Tex. Crim. App. 1992). Exculpatory evidence may justify, excuse, or clear the defendant
from fault, while impeachment evidence is that which disputes or contradicts other
evidence. Id. at 404. We fail to see how appellant's role as an informant in matters
unrelated to the instant case would clear the defendant from fault in the instant case or
impeach any facet of the State's case. Accordingly, appellant's status as an informant was
not favorable evidence.

 Third, appellant's work as a confidential informant was not material to the charged
offense. Evidence is considered material if a reasonable probability exists that, had the
evidence been disclosed, the result of the proceeding would have been different. Ex Parte
Kimes, 872 S.W.2d 700, 702-03 (Tex. Crim. App. 1993). We fail to see how evidence that
appellant previously worked as an informant would have caused the results of the instant
trial to be different.

 For these reasons, the second point of error is overruled.

III. Ineffective Assistance of Counsel.

 The third point of error contends trial counsel rendered ineffective assistance of
counsel.

A. The Standard for Appellate Review.

 The Sixth Amendment to the United States Constitution guarantees the accused the
right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686
(1984). Claims alleging ineffective assistance of counsel are evaluated under the familiar
standard of Strickland, which requires that the defendant prove: (1) that counsel's
representation or advice fell below objective standards of reasonableness; and, (2) the
result of the proceeding would have been different but for trial counsel's deficient
performance. See id. at 688-92. The defendant bears the burden of proving this claim by
a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim.
App. 1998). In order for an appellate court to find trial counsel ineffective, "any allegation
of ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness." Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999). Generally, when the record is silent as to counsel's motivations for
tactical decisions, an appellant cannot overcome the "strong presumption that counsel's
conduct was reasonable." Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). 
Unless the challenged conduct was "'so outrageous that no competent attorney would have
engaged in it," appellate courts will not speculate in order to find trial counsel's reasoning
or strategy rendered his performance deficient. Goodspeed v. State, 187 S.W.3d 390, 392
(Tex. Crim. App. 2005) (quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App.
2001)).

B. The Claims of Deficient Conduct.

 Appellant raises five separate instances of alleged deficient performance by trial
counsel. We will address them seriatim.

i. Failure to Interview Witnesses and Adequately Investigate.

 The initial claim of deficient performance involves the failure to interview witnesses
and to perform an adequate investigation. Appellant raises two separate complaints. First,
he contends trial counsel failed to interview State's witnesses Mary Ohrt, Denyce Beyer
and Don Gisler: Ohrt and Beyer heard gunshots on the night of the alleged offense and
Gisler discovered the decedent's body the following morning. This contention is clearly
supported by the record. The question is whether the failure to interview these witnesses
caused counsel to not raise a viable defense. Ex parte Ybarra, 629 S.W.2d 943, 946 (Tex.
Crim. App. 1982). Appellant does not state what viable defense would have been raised. 
Accordingly, appellant has not carried his burden of proving the first Strickland prong. 
Strickland, 466 U.S. at 686. Second, assuming arguendo that counsel's performance was
deficient, appellant has not shown how the result of the trial would have been different but
for that deficiency. Accordingly, the second prong of Strickland has not been met. See id. 
 Second, appellant contends trial counsel failed to interview Robert Andrews, a FBI
agent. Initially, we note that the record does not affirmatively establish that trial counsel
did not interview Andrews. However, assuming arguendo that he did not, appellant argues
the failure to interview Andrews caused appellant to not raise the defensive theory that the
decedent had been killed by someone other than appellant, specifically, Charles Tyler. 
The only person to link Tyler to the murder was Martha Holston. However, Andrews
determined she was not credible and even asked the Victoria County District Attorney's
office to investigate whether Holston had filed a false report. Therefore, we are not
convinced the failure to interview Andrews caused appellant to not advance a viable
defense. Moreover, we recognize that trial counsel did pursue the defensive theory that
someone other than appellant committed the murder, namely Eric Jackson and Roderick
Barefield. Accordingly this contention is without merit.

ii. Failure to Call Martha Holston or Mary Ann Garcia to Testify.

 The second argument is that trial counsel failed to call either Martha Holston or Mary
Ann Garcia to testify on appellant's behalf. The State counters that the record does not
show that the witnesses were available and that appellant would have benefitted from their
testimony. Butler v. State, 716 S.W.2d 48, 55 (Tex. Crim. App. 1986).

 As noted above, appellant has the burden of providing this Court with a record that
affirmatively demonstrates counsel's ineffectiveness. Thompson, 9 S.W.3d at 813. 
Therefore, in the context of this ineffective assistance of counsel claim, the record must
demonstrate what the testimony of Holston and Garcia would have been. The record
before us does not make this required demonstration. Moreover, when considering claims
of ineffective assistance of counsel, appellate courts are not permitted to speculate about
what evidence was not presented. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002). Since the record is silent as to what Holston and Garcia's testimony would have
been, we hold appellant has failed in his burden of providing a record sufficient to
substantiate his claim. Thompson, 9 S.W.3d at 813. Accordingly, this contention is without
merit.

iii. Failure to Object to Photograph.

 The third argument is that defense counsel was ineffective for failing to object to a
photograph of a firearm, namely State's exhibit 62. The exhibit was a photograph of a Hi-Point C9, 9mm semi-automatic pistol. The exhibit was admitted during the testimony of
Gary Smejkal, an officer with the Victoria County Sheriff's Office. Through Smejkal, the
State also introduced testimony and two exhibits proving that appellant and his girlfriend,
Sherri Ellis, had purchased a weapon of the same make, model and caliber as the one
shown in the photograph. We believe the photograph was admissible for demonstrative
purposes. The failure to object to admissible evidence is not ineffective assistance of
counsel. Smith v. State of Texas, 40 S.W.3d 147, 150 (Tex. App.-Texarkana 2001, no
pet.); Burruss v. State of Texas, 20 S.W.3d 179, 188 (Tex. App.-Texarkana 2000, pet.
ref'd). Accordingly, this argument is without merit.

iv. Opening the Door to Other Bad Acts.

 This argument centers around trial counsel introducing evidence that appellant had
worked as a confidential informant. This is the evidence that appellant contended was
Brady evidence in the second point of error. Appellant contends that by introducing this 
evidence, trial counsel opened the door to other bad acts committed by appellant. 

 Trial counsel's strategy was obvious: (1) the authorities would not enlist a dangerous
and violent criminal to work as a confidential informant; (2) appellant worked as a
confidential informant, therefore, appellant was nonviolent; (3) because appellant was
nonviolent, he would not have committed the charged offense of murder, therefore,
someone other than appellant committed the instant offense.

 When determining the validity of an ineffective assistance of counsel claim, any
judicial review must be highly deferential to trial counsel and avoid the deleterious effects
of hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). This
deferential review begins with the strong presumption that counsel's actions and decisions
were reasonably professional and were motivated by sound trial strategy. Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Appellant has the burden of rebutting
this presumption. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). We hold
counsel's trial strategy was both reasonable and sound. Accordingly, this argument is
without merit.

v. Confession of Guilt.


 The final argument in this point of error centers around trial counsel's closing
argument, where he argued:

 Now could he have done it? Hey, I agree with the State, he could have done
it, okay, but could have done it isn't enough. We got to be able to prove that
he did it. And they haven't done that. They have not proved that he did it.


 We do not read the argument as a confession of guilt but rather a plea to the jury
to hold the State to its burden of proving guilt beyond a reasonable doubt. This argument
was part of trial counsel's strategy. We will not second guess that strategy now. 
Therefore, we hold this argument is without merit.

 For the reasons stated above, we find no merit to appellant's contentions that trial
counsel was ineffective. Accordingly, the third point of error is overruled.

 The judgment of the trial court is affirmed.



 

 CHARLES F. BAIRD,

 Justice





Do Not Publish.

Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed

this the 21st day of December, 2006.

1. Former Texas Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief
Justice of the Supreme Court of Texas. See Tex. Gov't Code Ann. § 74.003 (Vernon 2005).
2. We affirmed the trial court's judgment in that case. Lewis v. State, Cause No. 13-02-421-CR, 2003
Tex. App. LEXIS 7113, *5 (Tex. App.-Corpus Christi Aug. 21, 2003, no pet.) (opinion not designated for
publication).
3. The factors a trial judge should weigh when considering a motion for continuance are: (1) the
length of the delay requested, (2) whether other continuances were requested and whether they were denied
or granted, (3) the length of time in which the accused's counsel had to prepare for trial, (4) whether another
competent attorney was prepared to try the case, (5) the balanced convenience or inconvenience to the
witnesses, the opposing counsel, and the trial court, (6) whether the delay is for legitimate or contrived
reasons, (7) whether the case was complex or simple, (8) whether a denial of the motion resulted in some
identifiable harm to the defendant, (9) the quality of legal representation actually provided. Rosales v. State,
841 S.W.2d 368, 374 (Tex. Crim. App. 1992)
4. All emphasis is supplied unless otherwise indicated.
5. Trial counsel's knowledge of appellant's status as a confidential informant was demonstrated on
April 17, 2003, prior to the first trial of this case. The parties were discussing pretrial motions. At that time,
trial counsel, while discussing another matter, stated: "before [appellant] was released and the agreement
was in [the drug case mentioned above] he was to work as a CI and was going to go off and do work for the
State. And, during that period of time when he was supposed to be working with the State, [the instant
offense] occurred."