Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

Nos. 04-09-00417-CR, 04-09-00418-CR, 04-09-00419-CR

Torrence **BELL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2007-CR-9870A, 2007-CR-9871A, 2007-CR-9872A
Honorable Mary D. Roman, Judge Presiding

Opinion by:　Rebecca Simmons, Justice

Sitting:　　　Karen Angelini, Justice
　　　　　　　Phylis J. Speedlin, Justice
　　　　　　　Rebecca Simmons, Justice

Delivered and Filed:　November 3, 2010

AFFIRMED

Appellant Torrence Bell was charged by indictment with the murder of Raishun Slack and the aggravated assaults of Ervin Jackson and Larry Drummer. The jury returned a guilty verdict on each charge. During the punishment phase of the trial, Bell entered a plea of true to the enhancement paragraph. The jury sentenced Bell to life in prison and fined him $10,000.00. On appeal, Bell argues that he received ineffective assistance of counsel. We affirm the judgment of the trial court.

**BACKGROUND**

On July 17, 2007, San Antonio Police Officer Montrez Butler was dispatched to the Springhill Apartments because shots were reportedly fired in apartment 704. Officer Butler had worked in the high crime area for over eight years, where the majority of his calls were related to narcotics or gang activity. When he arrived at the apartment complex, several individuals, who Officer Butler already knew from previous calls to the complex, informed him that Bell shot someone inside the apartment. When Officer Butler walked in, he saw five-month pregnant Raishun Slack, dead on the couch from a single gunshot wound to the head. He also saw several people assisting Drummer and Jackson, who also had gunshot wounds. Jackson had leased apartment 704 and was the father of Slack's two-year-old daughter.

Prior to the incident, Drummer picked up Jackson during his lunch hour to run an errand. As they returned to the apartments, four men, including Bell, were standing at the apartment gate. Two of them started "throwing their hands up doing gang signs to the car." Drummer talked to the men, and then proceeded to the parking lot. As they exited the car, Jackson saw Bell, Terrence Craft, Chris Boyd, and another individual he did not know begin to walk toward his apartment. Jackson and Drummer hurried into apartment 704. After a few minutes, they heard a knock at the door, and Jackson answered, walked outside, and closed the door behind him. Bell, Boyd, and an unidentified individual claimed that Drummer had "disrespected" them. After ending the conversation, Jackson turned to enter the apartment and as he opened the door, shots were fired. Jackson was hit five times, but did not see who was shooting. Drummer was hit twice, and testified that he saw Bell draw his gun and start firing.

Officer Butler began a search for Bell by sending officers to every apartment that he knew Bell frequented in Springhill. He also sent San Antonio Police Detective Volkmann to

Bell's mother's house, where Detective Volkmann found and arrested Bell. During the arrest, Detective Volkmann found weapons, although unrelated to the crime at hand, in the trunk of a vehicle parked at the premises.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Bell complains that several of his defense counsel's acts and omissions constitute ineffective assistance of counsel. Specifically, Bell alleges that his counsel was deficient by: (1) impeaching the main defense witness with a prior conviction; (2) failing to object to the admission of weapons unrelated to the crime; (3) failing to object to improper victim impact testimony evidence offered during the punishment phase of the trial; and (4) eliciting prior criminal and delinquent acts of defense witnesses during the punishment phase of the trial. The trial court did not conduct a hearing where Bell's trial counsel could explain the basis for her actions.

A defendant is entitled to effective assistance of counsel under both the U.S. and Texas Constitutions. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. The standard for determining whether a defendant has been deprived of his right to effective assistance of counsel is the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel, a convicted defendant must show: (1) his trial counsel's performance was deficient in that counsel made such serious errors that he was not functioning effectively as counsel; and (2) the deficient performance prejudiced the defense to such a degree that the defendant was deprived of a fair trial. *Id.* at 687; *Hernandez v. State*, 988 S.W.2d 770, 770 n.3 (Tex. Crim. App. 1999). When reviewing an ineffective assistance claim, "[a]n appellate court looks to the totality of the representation and the particular circumstances of each case . . . ." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

An appellant must defeat the strong presumption that defense counsel's conduct fell within the wide range of reasonable professional assistance. *Id*. To do so, the "record must affirmatively demonstrate the alleged ineffectiveness." *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). In many cases, such as this one, the appellant does not develop a record through a hearing on a motion for a new trial and thus deprives defense counsel of an opportunity to explain her trial strategy. *Hill v. State*, 303 S.W.3d 863, 879 (Tex. App.—Fort Worth, 2009, pet. ref'd). Consequently, direct appeal is usually not an effective means to raise an ineffective assistance of counsel claim because the record is generally undeveloped. *Thompson*, 9 S.W.3d at 813̶4. Prejudice is demonstrated when the defendant shows a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Holland v. State*, 761 S.W.2d 307, 314 (Tex. Crim. App. 1986), cert denied, 489 U.S. 1091 (1989).

## A. Impeaching the Main Defense Witnesses with a Prior Conviction

The defense called Cody Clark to testify. Although he was present at the shooting, Clark stated that Bell was not involved. Based on questions propounded by defense counsel, he acknowledged his previous marihuana arrests. Bell complains that his defense counsel's assistance was deficient because she elicited Clark's prior possession of marihuana conviction, which would have been improper impeachment evidence.

Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813, 814. Absent record evidence to the contrary, an appellate court presumes that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* Introducing impeachment evidence does not constitute ineffective assistance of counsel where the record does not clearly

show that the impeachment evidence is inadmissible. *See De Los Santos v. State*, 918 S.W.2d 565, 572−73 (Tex. App.—San Antonio 1996, no pet.) (holding that counsel was not ineffective by eliciting impeachment evidence of a defense witness's prior marihuana conviction where the record did not clearly establish that it was an inadmissible misdemeanor conviction). The record in this case indicates only that Bell's trial counsel elicited from Clark his full prior criminal history, which consisted of two arrests for possession of marihuana. Clark admitted to doing "some time" on one of those arrests, and stated that the sentence was fully served. Because a possession of marihuana crime may be a felony, which would be admissible under Texas Rule of Evidence 609(a), and because no record evidence clearly establishes that Clark's prior conviction was a misdemeanor conviction, Bell has not met his burden of showing that his trial counsel's eliciting of this testimony constituted ineffective assistance of counsel. *See* TEX. R. EVID. 609(a); TEX. HEALTH & SAFETY CODE ANN. § 481.120 (West 2010); *De Los Santos*, 918 S.W.2d at 572.

### B. Failure to Object to Admission of Unrelated Weapons

Bell next contends that defense counsel was ineffective by failing to object to the admission of weapons found in the trunk of the vehicle located in the driveway of his mother's house. We remain mindful that the failure to object to inadmissible evidence, alone, does not necessarily constitute ineffective assistance. *See Stroman v. State*, 69 S.W.3d 325, 332 (Tex. App.—Texarkana 2002, pet. ref'd) (concluding that counsel may have chosen not to object to inadmissible incriminating testimony from an officer in an effort to appear open and honest with the jury); *see also Castoreno v. State*, 932 S.W.2d 597, 603 (Tex. App.—San Antonio 1996, pet. ref'd). An attorney must be free to decide against objecting, even if she has a legal basis for doing so. *McKinny v. State*, 76 S.W.3d 463, 473 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

Here, Bell's defense counsel had no opportunity to explain her reasons for not objecting, and the record is otherwise silent as to her possible strategies. We, therefore, decline to speculate why counsel acted as she did. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Because the record does not affirmatively demonstrate that these specific omissions were attributable to ineffectiveness, Bell has not defeated the strong presumption of reasonable professional assistance. *See Thompson*, 9 S.W.3d at 813.

## C. Failure to Object to State's Misuse of Victim Impact Evidence

Bell complains that the State elicited testimony from the victim's mother that was impermissible victim character evidence during the punishment phase of the trial. Raishun Slack's mother told the jury that her daughter was studying nursing at Incarnate Word University, that she loved dancing, and was a dedicated mother. Bell contends that there is no reasonable trial strategy that would justify defense counsel's failure to object to otherwise inadmissible evidence.

Bell's argument is similar to that raised in *Boone v. State*, 60 S.W.3d 231, 239 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd), that "the sheer weight of the testimony was unfairly prejudicial." *Id*. at 238. Because an unreasonable amount of victim-impact evidence may become unfairly prejudicial, courts caution against overuse of victim impact testimony during the punishment hearing. *See Lindsay v. State*, 102 S.W.3d 223, 228 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd).

Once again, the record does not reflect why Bell's counsel failed to object to the complained of testimony. The victim impact testimony simply confirmed the loss family members felt as a result of the crime. Objecting to the mother's testimony might have done more to emphasize the information, and could be the reason counsel failed to object. We simply do

not know from the record. Under these circumstances, Bell has not shown that defense counsel's failure to object to the testimony rendered her performance deficient. *See Johnson v. State*, 176 S.W.3d 74 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd).

**D. Offering Defense's Punishment Witnesses' Past Criminal or Delinquent Acts**

Bell finally claims that his trial counsel's offering of defense witnesses' prior criminal or delinquent acts during the punishment phase rendered his assistance of counsel deficient. Specifically, Bell complains that it was improper for his trial counsel to bring up the prior criminal or juvenile histories of witnesses Shauntae Green, Stephan Kareem McGowan, and Tashia Bell.

Even assuming, without deciding, that the prior convictions were inadmissible, as previously noted, the record must affirmatively demonstrate any alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813, 814. Absent record evidence to the contrary, the defendant must defeat the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* A lawyer may strategically decide to introduce evidence, even if it would be inadmissible if offered by opposing counsel, "because it simply does not hurt the client's case or, in fact, may help it." *See McKinny*, 76 S.W.3d at 473. Here, defense counsel's allowing the jury to understand the background of the witnesses, and the pervasiveness of the gang activity associated with the individuals involved, even if the evidence is inadmissible, may well have formed the basis of a strategic plan. Because the record does not affirmatively show that Bell's trial counsel lacked any strategic reason for offering the evidence of the punishment witnesses' prior criminal or delinquent acts, Bell has failed to defeat the strong presumption of effective assistance. *See Thompson*, 9 S.W.3d at 813, 814; *McKinny*, 76 S.W.3d at 473.

CONCLUSION

Bell failed to obtain a hearing on his motion for new trial. As a result, defense counsel's reasoning for admitting the prior criminal or delinquent acts of several of the defense witnesses during the guilt and punishment phases; failing to object to evidence of the weapons found when Bell was arrested; or failing to object to the testimony offered by Slack's grieving mother, does not appear in the record. Bell's defense counsel's reasoning for each of these decisions could have been part of a reasonable trial strategy. *See McKinny*, 76 S.W.3d at 473. Moreover, we cannot say that the acts and omissions of counsel in this case are so outrageous that no competent attorney would have engaged in them. *See Goodspeed*, 187 S.W.3d at 392–93; *Smith v. State*, 40 S.W.3d 147, 151 (Tex. App.—Texarkana 2001, no pet.) (concluding counsel was not ineffective by failing to object to inadmissible hearsay because record was silent regarding counsel's strategy). Without more, we must defer to the decisions of defense counsel and conclude that Bell has not defeated the strong presumption that his counsel's conduct was reasonable. Thus, because Bell failed to show that his counsel's assistance fell below an objective professional standard of reasonableness, we affirm the judgment of the trial court.[1]

Rebecca Simmons, Justice

DO NOT PUBLISH

---

[1] Because we conclude that Bell failed to overcome the strong presumption that his counsel's conduct was reasonable, we need not address the allegations of prejudice in the guilt–innocence or punishment phases. *See Hernandez v. State*, 988 S.W.2d at 770 n.3.