**Eustacio G. ALVARADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–90–00689–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 18, 1991.

---

Edward P. Piker, Jr., Law Offices of C. David Evans, San Antonio, for appellant.

Steven C. Hilbig, Diana Cruz, Carol Wilder, Angela Moore, Crim. Dist. Attys., San Antonio, for appellee.

Before REEVES, C.J., and BIERY and CARR, JJ.

## OPINION

REEVES, Chief Justice.

Appellant was convicted by a jury for aggravated sexual assault of a child. The trial court assessed punishment at five years of confinement. This appeal resulted. We affirm.

■ In a single point of error appellant contends the trial court erred in allowing a witness to testify about hearsay statements that the complaining witness told him concerning the offense. Specifically, appellant contends the State did not provide notice of its intent to use an outcry witness as required by TEX.CODE CRIM. PROC. art. 38.072, § 2(b)(1).[1]

When appellant lodged the objection as to lack of notice of the outcry witness, Morris Flanagan, the following discussion took place:

> THE COURT: Of course, this case has been tried once before and the outcry statement was admitted at that time.
>
> MS. AMOS [Defense counsel]: I didn't try the case before and I was not the defense lawyer before and this is a whole new trial.
>
> THE COURT: Well, you have a copy of the transcript, the last testimony. So, everybody is on notice that this was part of the case.
>
> MS. AMOS: Your Honor, I have a copy of the transcript, that is true. But the opinion, Eustacio Alvarado versus the State of Texas, 775, 851.[2] In this opinion they stated that it was unclear, absolutely unclear from the transcript who the outcry witness actually is.[3] And so I don't know how I am supposed to know who their outcry witness is going to be if the appellate court cannot even figure out who the outcry witness is going to be.

---

1. Appellant also argues that the trial court did not determine that the statement made to the outcry witness was reliable under art. 38.072, § 2(b)(2). However, appellant's objection at trial was only that the State did not provide notice. This portion of appellant's argument does not comport with his objection at trial and is not preserved for review.

2. *Alvarado v. State,* 775 S.W.2d 851 (Tex.App.—San Antonio 1989, pet. ref'd).

3. Appellant does not raise this as argument in support of his point of error on appeal, and, in fact, no such statement is contained in this court's opinion.

THE COURT: It doesn't address itself to the question. The question is whether you have notice they are going to use an outcry witness when they have a transcript that shows they used an outcry witness before. It would be absolutely useless for them have to go to show you notice of the outcry witness fourteen days before trial when they have already shown you what is going to be in the case. It is overruled.

MS. AMOS: If I may, Your Honor. I just want the record to reflect that I did not try this case before. I began representing the defendant, I believe, sometime in February.

THE COURT: Be that as it may, the notice—the—I don't think they have—I don't think they have to give him notice again they are going to use an outcry witness when they have already put the outcry witness on the stand once.

I think that ought to be sufficient notice.

MS. AMOS: Okay. In referring to this once again, I want the record to reflect the transcript does not reflect—

THE COURT: Of course, I don't know for certain whether they gave her notice or not. Did you ever give notice of outcry witness.

MS. CRUZ [Prosecutor]: We did not give her notice with regard to this, for this new trial. However, we gave the other lawyer notice. I believe it is in the Court's file. I believe she has gotten constructive notice. I believe her argument would fly—

THE COURT: Is there a notice in the file?

MS. CRUZ: I am sure that there is, if we filed a notice of outcry. I am assuming that we did and that it is in there.[4]

The other thing, Your Honor. She did have a copy of the transcript from April until yesterday [September 16, 1990]. If we had changed the outcry, if the outcry had been the mother and we changed at the last minute, then that would be different. But we are putting the same

outcry on today as we did in the prior trial three years ago.

\* \* \* \* \* \*

MS. AMOS: Your Honor, I would ask for continuance of at least fourteen days in order to prepare.

THE COURT: All right. Denied.

In *Fetterolf v. State*, 782 S.W.2d 927 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd), defense counsel objected to testimony from an outcry witness because the prosecutor gave him written notice of the outcry statement only one day before jury selection. The prosecutor told the court that defense counsel had looked in the prosecutor's file over one month earlier and was aware of the outcry witness and statement and the State's subpoena list. Defense counsel admitted this to the court and conceded that a reasonable person could deduce or anticipate the identity of the outcry witness from reading the file. The court of appeals stated that the notice provisions of art. 38.072 serve to prevent surprise to a defendant, and there was no evidence that appellant's attorney was surprised by the outcry testimony. *Id.* at 930.

■ In the instant case counsel admitted having possession of the statement of facts from the first trial, including the outcry testimony later used in this second trial. Although the method of providing notice in this case, through the presence of the outcry testimony in the first trial, is hardly to be recommended, defense counsel was nevertheless aware of the existence of Mr. Flanagan as an outcry witness, the context of the outcry statement, and defense counsel could and should have anticipated that the State would intend to use that same outcry witness. The notice was sufficient to meet the requirements of art. 38.072. *Cf. Fetterolf v. State*, 782 S.W.2d 927. Appellant's point of error is overruled.

The judgment is affirmed.

---

**4.** In our opinion reversing appellant's first conviction, we pointed out that the State timely filed a "Notice of Intent To Present Outcry Statement" naming Mr. Flanigan (spelling in the first

opinion) as the outcry witness. However, the transcript in the record in the present appeal contains no such written notice.