Homero GARZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–01–532–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 8, 2002.

G. Rudolph Garza, Jr., Corpus Christi, for appellant.

Carlos Valdez, Nueces County District Attorney, Douglas K. Norman, Asst. District Attorney, Corpus Christi, for appellee.

Before Chief Justice VALDEZ and Justices YAÑEZ and CASTILLO.

## OPINION

Opinion by Chief Justice ROGELIO VALDEZ.

Appellant, Homero Garza (Garza), appeals from a conviction for aggravated robbery. TEX. PEN.CODE ANN. § 29.03(a)(2)

(Vernon Supp.2002). Through two issues, Garza argues that the evidence presented was factually insufficient and that the trial court erred in denying his motion for new trial. We affirm.

### Facts and Procedural History

At closing time, five employees of a restaurant were robbed at gunpoint. One employee, Esmeralda Gonzalez (Gonzalez), identified Garza as the robber out of a photo lineup. The other four employees saw only half of the robber's face, which was covered with his shirt. Gonzalez testified that she saw Garza enter the restaurant, observed his face for two to three seconds, and that she recognized him "right off the bat" because he "goes into the restaurant often." Gonzalez also identified Garza in court as the person who committed the offense. Garza presented three alibi witnesses and testified as to his innocence. Garza was found guilty, fined $5,000.00, and received a sentence of 25 years. The trial court denied Garza's motion for new trial, and Garza now appeals.

### Factual Sufficiency

In his first issue, Garza argues that the evidence was factually insufficient to support his conviction. He specifically argues that Gonzalez's eyewitness testimony did not prove beyond a reasonable doubt that he was guilty of the offense charged.

In reviewing factual sufficiency, the appellate court must examine all evidence impartially. *Johnson v. State*, 23 S.W.3d 1, 6–7 (Tex.Crim.App.2000). The appellate court must also give due deference to the fact finder's determinations, especially those concerning the weight and credibility of the evidence. *Id.* at 9. We may not reverse unless the evidence supporting guilt is either so obviously weak, or so greatly outweighed by the overwhelming weight of contrary evidence, that

the conviction is clearly wrong and manifestly unjust. *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex.Crim.App.2002). If we reverse, we cannot do so merely because we feel a different result is more reasonable. *Santellan v. State*, 939 S.W.2d 155, 165 (Tex.Crim.App.1997).

The fact finder is the sole judge of the weight and credibility given to witness testimony. *Johnson*, 23 S.W.3d at 7. The jury may believe or disbelieve the testimony of any witness, *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App. 1981), including that of alibi witnesses, *Lopez v. State*, 815 S.W.2d 846, 849 (Tex. App.-Corpus Christi 1991, no pet.). Whatever testimony the jury believes, the positive identification of the defendant as the person who committed the offense is sufficient to support the conviction. *Ford v. State*, 509 S.W.2d 317, 318 (Tex.Crim.App. 1974); *Lopez*, 815 S.W.2d at 849.

At trial, Gonzalez testified that Garza was a frequent customer. She also testified that she immediately recognized him when he entered through the back door and saw his entire face for a second time when he later had a gun out. She positively identified Garza both in the photo lineup and in court.

Even though Gonzalez was the only employee who had the opportunity to see Garza's entire face, her positive identification of Garza is enough to support Garza's conviction. *Moore v. State*, 446 S.W.2d 877, 878 (Tex.Crim.App.1969) (positive identification by only one employee of store was "ample evidence" to support conviction of felony theft). We cannot say that Gonzalez's eyewitness testimony was factually insufficient to support Garza's conviction. *Davis v. State*, 831 S.W.2d 839, 842 (Tex.App.-Dallas 1992, pet. ref'd) (affirming aggravated-robbery conviction by jury where only one eyewitness identi-

fied appellant and appellant presented five alibi witnesses).

We overrule Garza's first issue.

### Motion for New Trial

In his second issue, Garza argues that the trial court erred in denying his motion for new trial. He contends the trial court should have granted his motion for new trial because a juror's comment during deliberation regarding which hand Garza used at trial to pick up a cup constitutes "other evidence" under the Texas Rule of Appellate Procedure 21.3(f). TEX.R.APP. P. 21.3(f).

Granting or denying a motion for new trial is within the trial court's discretion. *Salazar v. State*, 38 S.W.3d 141, 148 (Tex.Crim.App.2001). An appellate court may not substitute its judgment for that of the trial court. *Id.* Instead, we must decide whether the trial court's decision was arbitrary or unreasonable. *Id.* As the sole judge of the credibility of testifying jurors, the trial court does not abuse its discretion in overruling a motion for new trial when conflicting evidence exists as to jury misconduct. *Id.*

A new trial must be granted if, "after retiring to deliberate, the jury has received other evidence." TEX.R.APP. P. 21.3(f). The other evidence must be received by the jury and detrimental to the defendant to justify a new trial. *Garza v. State*, 630 S.W.2d 272, 274 (Tex.Crim.App. 1981). The determination of whether a juror has "received" other evidence is a question of degree. *Saenz v. State*, 976 S.W.2d 314, 322 (Tex.App.-Corpus Christi 1998, no pet.). A passing remark does not constitute receipt of other evidence. *Id.*

To prove that the jury received other evidence, the defendant is limited to juror testimony on "outside influence." TEX.R. EVID. 606(b); *Hines v.*

*State*, 3 S.W.3d 618, 621 (Tex.App.-Texarkana 1999, pet. ref'd). The outside influence must come from outside the jury and its deliberations. *In re S.P.*, 9 S.W.3d 304, 308 (Tex.App.-San Antonio 1999, no pet.). Information gathered by a juror that is shared with the other jurors does not constitute outside influence, even if shared specifically to influence the other jurors' votes. *Hines*, 3 S.W.3d at 623.

In this case, two jurors testified that during deliberation, a jury member commented that she observed Garza pick up a cup with his left hand at trial. She also allegedly said that Garza's use of his left hand was consistent with the testimony of some of the witnesses.

Because the juror's comment on Garza's use of his left hand did not come from a non-juror, the comment is not outside influence. *Id.* Furthermore, because the trial court is the sole judge of the testifying jurors' credibility, we cannot say that the trial court's decision to regard that juror's comment as a passing remark was arbitrary or unreasonable. *Salazar*, 38 S.W.3d at 148; *Saenz*, 976 S.W.2d at 321. Accordingly, we hold that the trial court was within its discretion to deny the motion for new trial. *See Hines*, 3 S.W.3d at 623 (affirming trial court's denial of the motion for new trial because alleged "outside influence" consisted of statements that were not introduced by a non-juror). We overrule Garza's second issue.

We affirm the trial court's judgment.