NO. 07-00-0237-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 31, 2003

_____

LITTLE JOE CORDERO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 12,897-C; HONORABLE PAT PIRTLE, JUDGE

_____

Before JOHNSON, C.J., and REAVIS, J., and BOYD, S.J.[1]

<u>MEMORANDUM OPINION</u>

Appellant Little Joe Cordero appeals from his conviction for burglary of a habitation and sentence of 40 years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

BACKGROUND

On September 23, 1999, the home of Joseph Morrison was burglarized. Later the same day, police officers stopped a vehicle in which appellant, two other men, and several items taken in the burglary were located. Appellant was arrested and charged with burglary of a habitation, enhanced.

Appellant was tried and convicted by a Randall County jury. Following a punishment hearing, the trial judge sentenced appellant to confinement for 40 years. Via seven issues appellant seeks reversal. We will address the issues as presented.

ISSUE 1: RIGHT TO COUNSEL

Appellant's first issue urges that his Sixth Amendment right to counsel was violated during the time that the car in which he was riding was stopped by the police and the time that two witnesses to the burglary arrived to identify the burglars. The witnesses could not and did not identify appellant as one of the men committing the burglary.

The Sixth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated. Griffith v. State, 55 S.W.3d 598, 603 (Tex.Crim.App. 2001); Guidry v. State, 9 S.W.3d 133, 142 (Tex.Crim.App. 1999). In this case, appellant's Sixth Amendment right to counsel had not yet attached because the State had not initiated any adversarial judicial proceedings against appellant. Moreover, even if appellant had been entitled to counsel, the denial of counsel was harmless because

2

the witnesses did not identify appellant or connect him with the crime. See TEX. R. APP. P. 44.2.[2] Appellant's first issue is overruled.

## ISSUE 2: INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant's second issue asserts that his trial counsel was ineffective. He bases his issue on counsel's failures to (1) challenge appellant's arrest, the search of and seizure of evidence from the vehicle after it was stopped by the police, and counsel's failure to file a motion to suppress the evidence seized from the vehicle; (2) interview and produce witnesses favorable to appellant; and (3) effectively cross-examine a State's witness.

We are obligated to follow United States Supreme Court precedent on matters of federal constitutional law. Hernandez v. State, 988 S.W.2d 770, 771 (Tex.Crim.App. 1999). When confronted with an ineffective assistance of counsel claim, we apply the two-pronged analysis set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (adopting Strickland as applicable standard under the Texas Constitution).

Under the first prong of the Strickland test, an appellant must show that counsel's performance was "deficient." Strickland, 466 U.S. at 687. To be successful in this regard, an appellant "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Under the second prong, an appellant must show that the

---

[2]A rule of appellate procedure will be referred to as "TRAP_" hereafter.

deficient performance prejudiced the defense. Id. at 687. Appellant must prove both prongs of Strickland by a preponderance of the evidence in order to prevail. Tong v. State, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000); McFarland v. State, 845 S.W.2d 824, 842 (Tex.Crim.App. 1992).

Under the Strickland test, the defendant bears the burden of proving ineffective assistance. In addition, when reviewing a claim of ineffective assistance, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). Any allegation of ineffective assistance of counsel must be firmly supported in the record. McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Id.

In order to prevail on a claim that trial counsel was ineffective for failure to file a motion to suppress, the record must affirmatively prove appellant's motion to suppress would have been granted. Jackson v. State, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998). Even assuming, *arguendo*, that both appellant's arrest and the search and seizure of the vehicle were illegal, appellant lacked standing to challenge the search and seizure of the vehicle. Hughes v. State, 24 S.W.3d 833, 838 (Tex.Crim.App. 2000). Accordingly, appellant has failed to demonstrate that a motion to suppress the evidence in question

4

would have been granted and that his trial counsel was ineffective for failing to file such a motion.

Appellant also argues that his trial counsel was ineffective for failing to interview and produce at trial certain witnesses. First, we note that appellant's claim that his trial counsel failed to interview his proposed witnesses is not supported by the record. Second, trial counsel's failure to call witnesses is irrelevant absent a showing that such witnesses were available and that the appellant would have benefitted from their testimony. Bates v. State, 88 S.W.3d 724, 728 (Tex.App.--Tyler 2002, pet. ref'd); Parmer v. State, 38 S.W.3d 661, 668 (Tex.App.--Austin 2000, pet. ref'd). Appellant has not asserted or made a showing that his proposed witnesses would have been available. Furthermore, while appellant asserts that he would have benefitted from the witnesses' testimony, there is no support for such an assertion in the record before us.

Finally, appellant argues that trial counsel was ineffective for failing to effectively cross-examine a State's witness, Loraine Sierra. Appellant argues that because most of the stolen property was found in Sierra's residence, an effective cross-examination would have demonstrated that Sierra was in fact an accomplice to the crime who implicated appellant only for the purpose of exonerating herself.

The cross-examination of witnesses is inherently based on trial strategy. Tutt v. State, 940 S.W.2d 114, 121 (Tex.App.--Tyler 1996, pet. ref'd). Appellant's trial counsel conducted a vigorous cross-examination of Sierra, effectively highlighting differences between her statements to police and her testimony at trial, thus raising an issue regarding

5

the credibility of her testimony. Moreover, even if Sierra had been an accomplice to the crime, appellant fails to suggest questions his trial counsel should have asked that would have led to evidence exculpating appellant. Therefore, appellant fails to overcome the presumption that trial counsel's cross-examination of Sierra constituted anything less than sound trial strategy. Under these circumstances, we will defer to trial counsel. Bernal v. State, 930 S.W.2d 636, 641 (Tex.App.--Corpus Christi 1996, pet. ref'd). Appellant's second issue is overruled.

## ISSUE 3: TRIAL COUNSEL APPELLANT
## DID NOT APPROVE OF

Issue three alleges error by the trial court in forcing appellant to proceed during the guilt-innocence phase of trial with his appointed counsel after appellant had requested a change of counsel and had shown that appellant and his counsel were not on good terms.

An indigent defendant does not have a right to appointed counsel of his own choosing. Buntion v. Harmon, 827 S.W.2d 945, 949 (Tex.Crim.App. 1992); Dunn v. State, 819 S.W.2d 510, 520 (Tex.Crim.App. 1991). A request for change in counsel cannot be made so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. Burgess v. State, 816 S.W.2d 424, 428 (Tex.Crim.App. 1991). When a defendant makes an eleventh hour request for change of counsel, the trial court has three options. First, at its discretion the court can appoint, or allow the defendant to retain, new counsel. Id. Second, should the trial court deny new counsel, and the accused unequivocally asserts his right to self-representation after proper admonishment, the court

6

must allow the defendant to represent himself.  Id. at 428-29.  Third, unless the trial court allows new counsel, it must compel an accused who will not waive counsel and does not assert his right to self-representation to proceed to trial with the lawyer he has, whether he wants to or not.  Id. at 429.

During the hearing on appellant's motion to discharge counsel, appellant stated that he wanted to be represented by legal counsel; he did not want to represent himself.  However, there was no showing by appellant that he had either retained counsel of his own choosing and that said counsel would be ready to try the case, or that a newly appointed attorney would be more prepared to try the case than his current attorney.  Appellant presented no reason for the trial court to believe that appointing new counsel would result in anything other than the obstruction of orderly procedure and the fair administration of justice.  Therefore, the trial court did not abuse its discretion in compelling appellant to proceed to trial with his appointed attorney.  Appellant's third issue is overruled.

ISSUE 4: APPELLANT'S CHOICE TO PROCEED *PRO SE*
OR ACCEPT APPOINTED COUNSEL DURING PUNISHMENT

Issue four complains that the trial court erred by forcing appellant to choose between proceeding *pro se* or being represented by his appointed counsel during the punishment phase of trial.  Appellant asserts that the choice to waive counsel and proceed *pro se* was involuntary.

The Sixth Amendment to the United States Constitution provides that in criminal prosecutions the defendant enjoys the right to have the assistance of counsel for his

defense. U.S. CONST. amend. VI. A defendant may waive the right to counsel and represent himself or herself. See Faretta v. California, 422 U.S. 806, 819-20, 95 S.Ct. 2525, 2532, 45 L.Ed.2d 562 (1975). A defendant has the right to self-representation. See id. at 819-20; Funderburg v. State, 717 S.W.2d 637, 641 (Tex.Crim.App. 1986). In order to properly assert the right to self-representation, the defendant must knowingly and intelligently waive the right to counsel, after being made aware of the dangers and disadvantages of doing so. See id.

Appellant filed a *pro se* motion to discharge his counsel before trial. The trial court heard the motion, advised appellant of his right to proceed *pro se* and represent himself, and admonished appellant of the perils of self-representation. Appellant thought better of the matter and chose to go to trial being represented by counsel.

After he was found guilty by a jury, appellant re-urged his motion to discharge trial counsel. Before the punishment hearing began, a lengthy discussion took place between the trial judge and appellant during which the trial court again assured appellant that he had the right to represent himself, but also fully admonished appellant of the pitfalls of doing so. A fair reading of the record indicates that appellant clearly understood his right of self-representation and the hazards of doing so. When the trial judge asked him "So, the question remains, Mr. Cordero, do you wish to proceed *pro se*?", appellant responded: "Yes, sir."

The record reflects that appellant knowingly and intelligently made his decision to proceed without being represented by counsel[3] with a full understanding of his right to self-representation and the hazards of representing himself. He also clearly and unequivocally asserted his right to proceed *pro se.* We overrule issue four.

## ISSUE 5: DENIAL OF JURY FOR PUNISHMENT PHASE

By issue five, appellant asserts that the trial court erred by denying his right to trial by jury in the punishment phase of trial. Appellant further asserts that his trial counsel was ineffective in failing to file a written election to have the jury assess punishment.

It is the duty of the trial judge to assess punishment unless the accused timely files a written election to have the jury assess punishment. TEX. CODE CRIM. P. ANN. art. 37.07(2)(b) (Vernon Supp. 2003); Toney v. State, 586 S.W.2d 856, 858 (Tex.Crim.App. 1979); Gibson v. State, 549 S.W.2d 741, 742 (Tex.Crim.App. 1977). There is no evidence in the record that appellant ever filed such an election. Therefore, the trial judge did not err in assessing appellant's punishment. Pine v. State, 889 S.W.2d 625, 634 (Tex.App.-- Houston [14th Dist.] 1994, pet. ref'd). Moreover, the only time the issue was raised by appellant was after the State closed its evidence at the punishment phase of trial and appellant told the trial court that he had no evidence to present. Even at that late date, appellant did not object or assert constitutional or other type of error and obtain a ruling from the trial court. To preserve error for appellate review, the complaining party must

---

[3]The trial court designated appellant's discharged counsel as standby counsel for the punishment hearing. Thus, counsel was available to appellant, even after his choice to represent himself.

9

make a timely objection specifying the grounds for the objection, if the grounds are not apparent from the context; the objection must be made at the earliest possible opportunity; the complaining party must obtain an adverse ruling from the trial court; and the issue on appeal must correspond to the objection made at trial. See Dixon v. State, 2 S.W.3d 263, 265 (Tex.Crim.App. 1998). Appellant did not preserve error.

Regarding appellant's claim that his trial counsel was ineffective for failing to file a written election, appellant has failed to cite any authority to support his argument. Failure to adequately brief the argument and provide authority to support a particular issue waives the complaint. See Lawton v. State, 913 S.W.2d 542, 558 (Tex.Crim.App. 1995). And, as we have previously noted, we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." See Jackson, 877 S.W.2d at 771. Any allegation of ineffective assistance of counsel must be firmly supported in the record. McFarland, 928 S.W.2d at 500. Appellant's failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Id. We overrule issue five.

## ISSUE 6: SUFFICIENCY OF THE EVIDENCE

Issue six urges that the evidence was legally and factually insufficient to support conviction. Appellant argues that the evidence was legally and factually insufficient to prove that appellant was in "knowing possession" of the stolen property.

10

The evidence is legally sufficient if, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Clewis v. State, 922 S.W.2d 126, 132 (Tex.Crim.App. 1996). All the evidence is reviewed, but evidence that does not support the verdict is disregarded. See, e.g., Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991).

If the evidence is legally sufficient to support the verdict, we then review the factual sufficiency challenge if one is properly raised. See Clewis, 922 S.W.2d at 133. A factual sufficiency review of the evidence begins with the presumption that the evidence supporting the jury's verdict was legally sufficient under the Jackson test. Id. at 134. Factual sufficiency review is accomplished without viewing the evidence through the prism of "in the light most favorable to the prosecution." Id. The evidence is factually sufficient to support the verdict if the verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Id.

To sustain a conviction for burglary, the evidence must show that the defendant recently possessed stolen property and that possession (1) was personal to the defendant, (2) was recent, (3) was unexplained, and (4) involved a distinct and conscious assertion of a right to the property by the defendant. Rodriguez v. State, 549 S.W.2d 747, 749 (Tex.Crim.App. 1977). The evidence does not raise an inference of guilt of burglary based solely on the defendant's personal possession of stolen goods where the police find the stolen property in a place where others have an equal right and facility of access. Vasquez

11

v. State, 804 S.W.2d 606, 610 (Tex.App.--Dallas 1991, no pet.); England v. State, 727 S.W.2d 810, 811 (Tex.App.--Austin 1987, no pet.). When a defendant is a passenger in a vehicle containing stolen property, possession may be proved by the defendant's presence in the vehicle plus other evidence showing the defendant's knowledge of the presence of stolen property. Nickerson v. State, 810 S.W.2d 398, 400-01 (Tex.Crim.App. 1991); Jones v. State, 899 S.W.2d 25, 27 (Tex.App.--Tyler 1995, no pet.).

Appellant was a passenger in the vehicle when it was stopped by the police approximately two hours after the burglary apparently occurred. The vehicle's driver and the other passenger were identified by two witnesses as the suspects who had been observed in the vicinity of the victim's residence stuffing items into the vehicle. The witnesses also observed a third person inside the vehicle at the time of the apparent burglary, driving it, but they could not identify appellant as that person. The vehicle matched the description of the vehicle observed by the witnesses, including a matching license plate. Appellant's fingerprints were later discovered on two of the items of stolen property that police found in the vehicle.

Between the time when the burglary occurred and the time the vehicle was stopped by police, appellant and the two other suspects stopped at Loraine Sierra's apartment. In a statement to police, Sierra said that appellant told her that the stolen items were his property. At trial, Sierra affirmed that statement, and added that appellant also said that they could pawn some of the items for money.

12

Appellant presented one witness, his girlfriend, Robin Cain. She testified that appellant was with her at her house at the time the burglary apparently occurred, thereby providing an alibi for appellant.

In addition to appellant's presence in the vehicle, other evidence exists which tends to demonstrate appellant's knowledge of the presence of stolen property, including appellant's fingerprints which were discovered on some of the stolen items, and Sierra's trial testimony. Viewing the evidence in the light most favorable to the prosecution, we find the evidence legally sufficient to support the jury's verdict.

Regarding the question of factual sufficiency, we find that the verdict is not so contrary to the overwhelming weight of the evidence as to be wrong and unjust. In so finding we note that the jury as the fact finder is the sole judge of the weight and credibility to be given to witness testimony. Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000). The jury may believe or disbelieve the testimony of any witness, Penagraph v. State, 623 S.W.2d 341, 343 (Tex.Crim.App. 1981), including that of an alibi witness. Garza v. State, 82 S.W.3d 791, 793 (Tex.App.--Corpus Christi 2002, no pet.). Thus, the jury could have chosen to disbelieve Ms. Cain's testimony. This court must defer to their finding. Cain v. State, 958 S.W.2d 404, 409 (Tex.Crim.App. 1997). The evidence is factually sufficient to support the verdict. Appellant's sixth issue is overruled.

## ISSUE 7: INSUFFICIENT TIME BETWEEN INDICTMENT AND ARRAIGNMENT

Appellant's seventh issue complains that he was served with the indictment on January 19, 2000, and was arraigned on January 20, 2000. He complains that his

13

arraignment on January 20th was in violation of TEX. CODE CRIM. P. ANN. art. 26.03 (Vernon 1989), which provides that no arraignment shall take place until the expiration of at least two entire days after the date on which a copy of the indictment was served on the defendant unless the right to the copy or to the delay is waived, or unless the defendant is on bail. Appellant claims that his family was attempting to retain private counsel at the time he was arraigned, and that the early arraignment and "thrusting on" him of court appointed counsel was prejudicial to him in that he was not given opportunity to obtain counsel.

Appellant did not preserve error by timely objection. See TRAP 33.1; Dixon, 2 S.W.3d at 265. Moreover, his trial began on April 24, 2000. Appellant had not retained counsel at the time trial began over three months after his arraignment. The record shows that he had opportunity to obtain counsel other than appointed counsel. The arraignment in violation of Article 26.03 was harmless. See TRAP 44.2(b). Issue seven is overruled.

CONCLUSION

Having overruled appellant's seven issues, we affirm the judgment.


Phil Johnson
Chief Justice


Do not publish.

14