NUMBER 13-01-327-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG




PEDRO FLORES BAUTISTA, Appellant, 

v.



THE STATE OF TEXAS, Appellee.




On appeal from the 404th District Court

 of Cameron County, Texas.








O P I N I O N



Before Chief Justice Valdez and Justices Rodriguez and Castillo



 Opinion by Chief Justice Valdez 



 Appellant, Pedro Flores Bautista, was convicted on two counts of aggravated sexual assault. See Tex. Pen. Code Ann. §
22.021(a)(1)(B)(iii), (iv) (Vernon 2003). The trial court sentenced appellant to a term of forty years. In three issues,
appellant claims he received ineffective assistance of counsel and the evidence is legally and factually insufficient. We
affirm. (1)

I. Facts and Procedural History

 On June 25, 2000, appellant's wife dropped off their children to visit appellant for an overnight visit. Though married,
appellant and his wife were then living separately. M.B., their daughter, was five years old at that time. At trial, M.B.'s
seven-year-old brother testified he saw appellant remove M.B.'s shirt, and that he knocked on the window because he
"wanted to save her" but could not break into the room. Appellant's wife testified that, after the overnight visit, M.B. told
her, while pointing to her "private part," that " her dad was going to put a little stick," which "was a red thing . . . and
looked like a spider," and that "it hurt her very much." M.B. repeated this to her mother on several occasions. 

 Two weeks after the overnight visit, the mother took M.B. to the doctor because M.B. was having trouble going to the
bathroom. A vaginal swab test indicated that M.B. contracted herpes simplex II. Appellant also tested positive for herpes
simplex II later that summer. The emergency-room physician's report noted M.B. had lesions on her external genitalia
consistent with a herpes infection. M.B.'s pediatric physician testified that M.B.'s herpes was probably sexually
transmitted. A second testifying physician agreed with M.B.'s pediatric physician, and noted that, during his examination
of M.B., the "normal flower-like appearance of an intact hymen [was] not present." The second physician testified that
sexual intercourse can change the hymen's appearance. The second physician also testified that M.B. made no attempt to
resist the examination, which to him indicated M.B. was sexually abused. 

 M.B.'s child therapist testified M.B. would be traumatized if called to the stand. M.B. did not testify. The trial court found
appellant guilty of aggravated sexual assault and sentenced him to a term of forty years imprisonment.

II. Ineffective Assistance of Counsel

 In his first issue, appellant contends he received ineffective assistance of counsel under Strickland. See Strickland v.
Washington, 466 U.S. 668 (1984). Appellant asserts in the alternative that he received ineffective assistance of counsel
under Cronic. See United States v. Cronic, 466 U.S. 648 (1984). 

 Appellant argues trial counsel was ineffective for failing: (1) to object to the outcry testimony; (2) to challenge the
admissibility of the serological tests that showed appellant had herpes simplex II; (3) to challenge the admissibility of the
physicians' testimony; (4) to call his own expert to challenge the State's evidence; and (5) to lay the proper prerequisites to
introduce a videotape interview of M.B. See Tex. Code Crim. Proc. Ann. art. 38.071 (Vernon Supp. 2003). 

 The Sixth Amendment guarantees the right to reasonably effective assistance by counsel. U.S. Const. amend
VI;Strickland, 466 U.S. at 686. The Sixth Amendment applies to state criminal prosecutions. Garcia v. State, 57 S.W.3d
436, 440 (Tex. Crim. App. 2001). Under Strickland, the appellant must show his trial counsel's performance was deficient
and that the deficient performance was prejudicial. Cardenas v. State, 30 S.W.3d 384, 391 (Tex. Crim. App. 2000). 
Counsel's performance is deficient if his assistance falls below an objective standard of reasonableness. Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Deficient performance is prejudicial if a reasonable probability exists that, but
for counsel's errors, the result of the proceeding would have been different. Id. 

 Appellant has the burden to prove by a preponderance of the evidence that his counsel was ineffective. Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002);Rodriguez v. State, 899 S.W.2d 658, 665 (Tex. Crim. App. 1995). Failure to
satisfy either part of the Strickland test defeats the ineffectiveness-of-counsel claim. Thompson, 9 S.W.3d at 813.

 Our review of appellant's trial counsel is highly deferential, and we presume that the challenged actions of trial counsel are
a result of sound trial strategy. Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). To avoid second-guessing
appellant's counsel through hindsight, we apply the test at the time of trial, and consider the totality of counsel's
performance. Thompson, 9 S.W.3d at 813; see also Josey v. State, 97 S.W.3d 687, 696 (Tex. App.-Texarkana 2003, no
pet.). The alleged ineffectiveness should be firmly rooted in the record, which in turn must affirmatively demonstrate the
alleged ineffectiveness. Thompson, 9 S.W.3d at 813. The record, however, is usually silent or incomplete on what
motivated counsel's tactical decisions. Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). In such cases,
appellants usually cannot rebut the strong presumption that counsel's actions were reasonable. Id. With a silent record, we
assume any possible strategic motivation and sound trial strategy unless counsel's conduct is so outrageous that no
competent attorney would have so acted. Garcia, 57 S.W.3d at 440.

A. Failure to Object to Outcry Testimony and Serological Test

 Appellant's first contention argues counsel failed to object to the outcry testimony. Appellant argues that, since the outcry
testimony is the only evidence of the alleged sexual contact, an objectively reasonable trial strategy would have mandated
objecting to the outcry testimony, thereby forcing the State to comply with the requirements of code of criminal procedure
article 38.072. (2) Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon Supp. 2003).

 The purpose of article 38.072 is to prevent surprise to the defendant. Smith v. State, 40 S.W.3d 147, 151 (Tex.
App.-Texarkana 2001, no pet.); accord Alvarado v. State, 817 S.W.2d 738, 740 (Tex. App.-San Antonio 1991, no pet.).
The court in Smith held that the defendant failed to show the alleged error was prejudicial because there was no evidence
the defendant's trial counsel was surprised by the outcry testimony. Smith, 40 S.W.3d at 151. Further, we note counsel's
failure to object to evidence may be part of a plausible trial strategy, even if the evidence were inadmissible. Stroman v.
State, 69 S.W.3d 325, 332 (Tex. App.-Texarkana 2002, pet. ref'd); Thomas v. State, 886 S.W.2d 388, 392 (Tex.
App.-Houston [1st Dist.] 1994, pet. ref'd). 

 In the present case, the record shows the State gave appellant proper notice of its intent to use the outcry statement. Also,
the record does not indicate trial counsel was surprised by the outcry testimony. Therefore, appellant cannot claim surprise
at the use of the outcry testimony at trial. In addition, appellant does not indicate how the record affirmatively demonstrates
that the failure to object to the outcry testimony was ineffective assistance of counsel instead of plausible trial strategy. See
Thomas, 886 S.W.2d at 392. Like the defendant in Smith, appellant cannot satisfy the prejudice part of the Stricklandtest.
See Smith, 40 S.W.3d at 151. Appellant thus fails to rebut the presumption that trial counsel was effective. Id. (counsel
was not ineffective by not objecting to inadmissible hearsay where record is silent as to counsel's strategy).

 Appellant's second contention argues that any competent lawyer would have challenged the reliability of the serological
tests that showed appellant tested positive for herpes simplex II in the summer of 2000. The court of criminal appeals has
stated that "when counsel's actions or omissions may have been based upon tactical decisions, but the record contains no
specific explanation for counsel's decisions," an ineffective-assistance-of-counsel claim must fail. Bone, 77 S.W.3d at 830.
The failure to object to expert testimony on blood-related evidence is a tactical decision, perhaps a choice not to waste the
trial court's time. Easley v. State, 978 S.W.2d 244, 251 (Tex. App.-Texarkana 1998, pet. ref'd). Here, the record contains
no specific reasons as to why trial counsel did not object to the serological tests. Therefore, appellant's contention fails
since trial counsel's failure to object to the serological tests may have been based on tactical considerations. See id. 

B. Failure to Challenge the State's Evidence

 In his third contention, appellant claims trial counsel failed to challenge the admissibility of the physicians' testimony.
Appellant contends that any competent counsel would have challenged the physicians' testimony because any inference that
appellant was in fact the person who sexually abused M.B. did not help appellant's defense. 

 Again, the record is silent on why trial counsel did not object to the admissibility of the physicians' testimony. However,
the record does show that appellant's trial counsel cross-examined the physicians' testimony on the fact that it is possible to
transmit herpes through non-sexual contact. Appellant's trial counsel may have chosen to attack the weight of the
physicians' testimony through cross-examination instead of challenging the admissibility of their testimony. The possibility
that another attorney might have used different strategies in attacking a witness's testimony does not make trial counsel's
assistance ineffective. See Josey, 97 S.W.3d at 697. Nor is trial counsel ineffective simply because a different strategy in
hindsight would have produced a more desirable result. Ex parte Perkins, 706 S.W.2d 320, 323 (Tex. Crim. App. 1986). In
the face of a silent record, we conclude appellant did not rebut the presumption that his trial counsel was effective in his
choice of trial strategy. 

 In his fourth contention, appellant claims his trial counsel failed to call his own medical expert to challenge the State's
evidence. Appellant argues that calling his own medical expert would have allowed appellant's trial counsel to rebut the
child therapist's testimony that M.B. was too traumatized to testify and to rebut the reliability of the serological tests.

 To show ineffective assistance of counsel in this context, there must be some showing in the record that the expert's
testimony would have benefitted appellant. Teixeira v. State, 89 S.W.3d 190, 194 (Tex. App.-Texarkana 2002, pet. ref'd)
(emphasizing that without such a showing, an ineffective-assistance-of-counsel claim cannot succeed). The decision not to
present controverting expert testimony may be part of a reasonable trial strategy. Duren v. State, 87 S.W.3d 719, 733-34
(Tex. App.-Texarkana 2002, no pet.). Here, appellant neither cites anything in the record that would show how the expert's
testimony would help his defense, nor gives any "specific explanation" in the record on why trial counsel did not call an
expert witness. See Bone, 77 S.W.3d at 830. Appellant therefore fails to rebut the presumption that his trial counsel's
choice was a matter of trial strategy within the wide range of reasonable professional assistance. Id.

C. Failure to Comply With Code of Criminal Procedure

 In his fifth contention, appellant claims trial counsel failed to lay the proper prerequisites to introduce a videotape
interview of M.B. See Tex. Code Crim. Proc. Ann. art. 38.071 (Vernon Supp. 2003). As before, the record is silent on
why appellant's trial counsel did not seek to offer the videotape into evidence. Further, appellant fails to cite anything in
the record that affirmatively shows how not entering the videotape into evidence prejudiced appellant. See Thompson, 9
S.W.3d at 812 (discussing the requirement of prejudice, the second part of the Strickland test). Appellant does not satisfy
the second part of the Strickland test. See id. We cannot say that trial counsel was ineffective in this alleged instance of
ineffectiveness. Strickland, 466 U.S. at 687.

 We overrule appellant's first issue. (3)

III. Legal Sufficiency

 In his second issue, appellant contends the evidence is legally insufficient to support his conviction. (4) Appellant cites the
alternative-hypothesis doctrine and specifically argues that no direct evidence corroborates the outcry testimony, which he
claims is the only evidence connecting him to the alleged sexual assault. 

 The alternative-hypothesis doctrine required, in circumstantial evidence cases, the State to exclude every reasonable
hypothesis raised by the evidence that tends to exculpate the accused. Brandley v. State, 691 S.W.2d 699, 703 (Tex. Crim.
App. 1985);Reagor v. State, 816 S.W.2d 481, 483 (Tex. App.-Dallas, pet. ref'd). However, the court of criminal appeals
has rejected the alternative-hypothesis test. See Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991), overruled on
other grounds, Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000) (overruling Geesa's requirement that trial
courts instruct juries on the definition of "beyond a reasonable doubt"); see also Warren v. State, 91 S.W.3d 890, 896 (Tex.
App.-Fort Worth 2002, no pet.) (recognizing that the alternative-hypothesis doctrine is no longer used in evaluating legal
sufficiency); Chaloupka v. State, 20 S.W.3d 172, 175 (Tex. App.-Texarkana 2000, pet. ref'd). 

 We therefore first consider appellant's legal-sufficiency claim, without regard to the alternative-hypothesis doctrine. See
Clewis v. State, 922 S.W.2d. 126, 133 (Tex. Crim. App. 1996) (stating that appellate courts examine legal sufficiency
before factual sufficiency). In determining the legal sufficiency of the evidence, we view the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found, beyond a reasonable doubt, the
essential elements of the crime. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988); Zavala v. State, 89 S.W.3d
134, 142 (Tex. App.-Corpus Christi 2002, no pet.). We should not reweigh the evidence as a thirteenth juror. Moreno, 755
S.W.2d at 867. When the evidence allows for conflicting inferences, we presume the trier of fact resolved such conflicts in
the prosecution's favor, and we defer to that resolution. Clewis, 922 S.W.2d at 133; Duren, 87 S.W.3d at 724.

 Appellant contends that no direct evidence corroborates the outcry testimony. However, sexual contact may be proved by
circumstantial evidence. Jiminez v. State, 953 S.W.2d 293, 297 (Tex. App.-Austin 1997, pet. ref'd). Circumstantial
evidence may be as trustworthy and probative as direct evidence. Beckham v. State, 29 S.W.3d 148, 151 (Tex.
App.-Houston [14th Dist.] 2000, pet. ref'd). In Beckham, two physicians who examined the victim testified that the victim's
condition was consistent with sexual contact and it was unusual for victims at such an age not to resist the examination. Id.
at 152. That court held that the evidence was legally sufficient to support the conviction for aggravated sexual assault, even
though the minor victim did not testify, because a rational trier of fact could have found that the circumstantial evidence
proved beyond a reasonable doubt that the defendant committed the assault. Id. 

 Here, as in Beckham, the physicians testified that M.B.'s physical condition was consistent with sexual abuse and that M.B.
did not resist the examination. The physicians also testified that herpes simplex II is usually sexually transmitted. The trial
court is entitled to believe the physicians' testimony and make the reasonable inference, as in Beckham, that appellant
sexually assaulted M.B. See id. The evidence was legally sufficient because a rational trier of fact could have found
appellant guilty beyond a reasonable doubt. See id. Accordingly, we overrule appellant's second issue.

IV. Factual Sufficiency

 In his third issue, appellant claims the evidence is factually insufficient to support his conviction because there is no direct
evidence of the sexual assault. He points to the alternative-hypothesis doctrine and argues that the State has failed to
exclude the possibility that M.B. may have contracted herpes from someone other than him, or perhaps through non-sexual
contact. The alternative-hypothesis doctrine may be relevant, although not determinative, in a factual-sufficiency review.
Goodman v. State, 66 S.W.3d 283, 298 n.16 (Tex. Crim. App. 2001); Wilson v. State, 7 S.W.3d 136, 141 (Tex. Crim. App.
1999).

 In reviewing factual sufficiency, we must examine all the evidence impartially.Johnson v. State, 23 S.W.3d 1, 6-7 (Tex.
Crim. App. 2000); Garza v. State, 82 S.W.3d 791, 793 (Tex. App.-Corpus Christi 2002, no pet.). We must give due
deference to the determinations of the trier of fact, especially those concerning the weight and credibility of the evidence.
Johnson, 23 S.W.3d at 7. The trier of fact may believe or disbelieve all or any part of any witness's testimony. Garza, 82
S.W.3d at 793. We cannot reverse merely because we feel a different result is more reasonable. Santellan v. State, 939
S.W.2d 155, 165 (Tex. Crim. App. 1997); Garza, 82 S.W.3d at 793. We can reverse only if the evidence supporting guilt
is either so obviously weak or so greatly outweighed by the overwhelming weight of contrary evidence that the conviction
is clearly wrong and manifestly unjust. Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).

 Appellant argues that the facts in Reagor v. State, 816 S.W.2d 481, 482 (Tex. App.-Dallas 1991, pet. ref'd) are on point.
The defendant in Reagor was convicted of aggravated sexual assault. Id. Both the defendant and the victim tested positive
for gonorrhea, but other men who had access to the victim were not tested. Id. at 482-83. The court in Reagor held that the
evidence was insufficient because the State failed to exclude the reasonable hypothesis that the defendant contracted
gonorrhea from his sexual partners weeks after the alleged assault. Id. at 484. The Reagor court reasoned that the evidence
merely showed the defendant and the victim had gonorrhea at about the same time, and therefore nothing connected the
defendant to the alleged assault beyond a reasonable doubt. Id. at 483. 

 In the present case, appellant similarly argues that, because the evidence shows only that he and M.B. had herpes at about
the same time, nothing connects him to the alleged assault, and the evidence is therefore factually insufficient. However,
unlike the defendant in Reagor, appellant fails to point to any plausible suspects that may have infected M.B., and cites
nothing in the record that demonstrates the possibility of M.B. contracting herpes through non-sexual contact. Id. 
InMurphy v. State, 4 S.W.3d 926, 930 (Tex. App.-Waco 1999, pet. ref'd), there was no direct physical evidence that the
defendant sexually assaulted the victim. Id. Despite the defendant's denial of the assault, the court in Murphy held that, in
light of the medical and outcry testimony, the evidence was not factually insufficient because the trier of fact is the sole
judge of the credibility of the witnesses. Id. 

 In the present case, the physicians testified that M.B. was most likely sexually abused because herpes is usually transmitted
through sexual contact and because M.B.'s behavior during her examination was indicative of sexual abuse. The trial court,
as trier of fact, was entitled to believe the physicians' testimony. As such, after reviewing all the evidence, we cannot say
that the evidence supporting appellant's conviction is so obviously weak or so greatly outweighed by the overwhelming
weight of contrary evidence that the conviction is clearly wrong and manifestly unjust. Vasquez, 67 S.W.3d at 236. We
therefore overrule appellant's third issue.

V. Conclusion

 We affirm the trial court's judgment.



 

 Rogelio Valdez,

 Chief Justice



Do not publish.

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 27th day of August, 2003. 

 





















1. The Texas Rules of Appellate Procedure were amended effective January 1, 2003 to require the trial court to enter a
certification of defendant's right to appeal. See Tex. R. App. P. 25.2(a)(2). Accordingly, we abated this appeal on July 24,
2003 and ordered a supplemental record to include, in compliance with rule 25.2(a)(2), the trial court's certification of
appellant's right to appeal. See id. We received a supplemental record on August 15, 2003 that includes the trial court's
certification of appellant's right of appeal. We now turn to the merits of appellant's case. 

2. Appellant specifically points out that in failing to object to the outcry testimony, the trial court was not forced to comply
with the hearing required by article 38.072. Tex. Code Crim. Proc. Ann. art. 38.072 § 2(b) (Vernon Supp. 2003). Any
complaint that no hearing was held to determine the reliability of the outcry testimony is waived if not raised at trial.
Rodriguez v. State, 762 S.W.2d 727, 731 (Tex. App.-San Antonio 1988, pet. dism'd). 

3. Appellant argues in the alternative that his Sixth Amendment right to effective counsel was violated under Cronic. See
United States v. Cronic, 466 U.S. 648 (1984). The requirements in Cronic concerning ineffective assistance of counsel are
incorporated by the Strickland test. Cates v. State, 72 S.W.3d 681, 694 (Tex. App.-Tyler 2001, no pet.) (observing that the
Texas Court of Criminal Appeals derived the two-part ineffective-assistance-of-counsel analysis from the "whole cloth"
ofStrickland and Cronic). Therefore, appellant's alternate contention, which merely cites the same five alleged instances of
ineffective assistance of counsel, also is without merit. 

4. Appellant briefs his second and third issues together. Courts have cautioned appellate counsel to brief separately legal
and factual sufficiency. Nevels v. State, 954 S.W.2d 154, 159 n.4 (Tex. App.-Waco 1997, pet. ref'd); Deckard v. State, 953
S.W.2d 541, 543 n.3 (Tex. App.-Waco 1997, pet. ref'd).