NUMBER 13-05-291-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

 

VICTOR GARCIA,                                                                            
Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

On appeal from the 105th District
Court of Kleberg County, Texas.

 

 

MEMORANDUM OPINION

 

       Before
Chief Justice Valdez and Justices Rodriguez and Castillo

                      Memorandum Opinion by Chief Justice Valdez

 

Appellant, Victor Garcia, was found guilty
of retaliation and sentenced to four years= imprisonment, suspended and probated to
four years= community supervision.  On appeal, appellant argues the
following:  (1) the trial court committed
reversible error when it denied  appellant=s inquiry into the alleged victim=s nicknames and work behaviors, and (2)
insufficient evidence of guilt.  We
affirm.








I. 
BACKGROUND

On November 29, 2003, Officer Dawson
Weatherford arrested appellant for driving while intoxicated.  Officer Weatherford testified that appellant
was verbally abusive and threatened him and his family.  Specifically, appellant told Officer
Weatherford that he was going to Atake him out@ and Atake care of him.@ 
After arriving to the jail, appellant continued making threats.  Officer Gilbert Rodriguez, a jailer,
testified that he heard appellant threaten Officer Weatherford and then his
family.        

II. 
RELEVANT EVIDENCE  

By his first issue, appellant argues the
trial court committed reversible error for not allowing him to question the
alleged victim regarding his nicknames and work behavior.  Specifically, appellant argues that such
information was relevant as to how it affected him at the time of the incident.   








ARelevant evidence@ means evidence having any tendency to make
the existence of any fact that is of consequence to the determination of the
action more probable or less probable than it would be without the
evidence.  Tex. R. Evid. 401. 
Evidence which is not relevant is inadmissible.  Id. 402.  A trial court has considerable discretion in
determining whether to exclude or admit evidence.  See Montgomery v. State, 810 S.W.2d
372, 379 (Tex. Crim. App. 1991) (op. on reh=g) (en banc).  An abuse of discretion is shown only where
the trial court's decision was made without reference to any guiding rules or
principles or, in other words, if the decision was arbitrary or unreasonable.  Id. at 380.  Even if this Court would have reached a
different result, we will not intervene as long as the trial court's ruling is
within the "zone of reasonable disagreement."  Id. at 391.  Exclusion of evidence does not result in
reversible error unless the exclusion affects a substantial right of the
accused.  Tex. R. App. P. 44.2(b).

Appellant contends that Officer Weatherford
bolstered his own credibility by testifying he had endured a lot of abuse over
his twelve years as a police officer. 
Officer Weatherford did not distinguish between verbal or physical
abuse.  Appellant sought to discredit
Officer Weatherford=s testimony by introducing the fact that
Weatherford had earned the nicknames ARobo Cop@ and ATerminator@ while serving as a police officer in the
community.  On cross-examination, Officer
Weatherford testified those were his nicknames; however, before he could answer
how he received them, the trial court sustained the State=s objection to the relevancy of the line of
questioning.  The trial court did not
abuse its discretion in sustaining the State=s objection because the evidence appellant
sought to admit was irrelevant to this case. 
See Montgomery, 810 S.W.2d at 380; see also Tex. R. Evid. 402.  Appellant had no prior run-ins with Officer
Weatherford on which to base his opinion of him, only the nicknames.  Appellant=s contention that any statements he made
that could have been interpreted as intending to cause Officer Weatherford harm
were justifiable because of the effect the nicknames had on him is not valid
and does not excuse the fact he committed retaliation; it is irrelevant.  See Tex.
R. Evid. 402.  There is no
evidence that appellant=s substantial rights were affected.  See Tex.
R. App. P. 44.2(b).  We overrule
appellant=s first issue.   

III. 
LEGAL AND FACTUAL SUFFICIENCY OF THE EVIDENCE








By his second issue, appellant argues he was
not found guilty beyond a reasonable doubt because there was insufficient
evidence of guilt.  Specifically,
appellant argues that the evidence to support his conviction is (1) legally
insufficient because there was no testimony that the threats were a result of
the traffic stop or Weatherford=s status as a public servant, and (2)
factually insufficient because there was no proof of any retributive character
to his alleged verbal threats (i.e., there were no prior dealings which would
have prompted a retaliatory charge).  

A. 
Standard of Review   

In evaluating the legal sufficiency of the
evidence, we view the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318‑19
(1979); Cardenas v. State, 30 S.W.3d 384, 389‑90 (Tex. Crim. App.
2000).  The legal sufficiency of the
evidence is measured by the elements of the offense as defined by a
hypothetically correct jury charge for the case that would set out the law, be
authorized by the indictment, not unnecessarily increase the State's burden of
proof or unnecessarily restrict the State's theories of liability, and
adequately describe the particular offense for which the defendant was
tried.  Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1997).  This
standard applies to both jury and bench trials. 
Id.

In evaluating factual sufficiency of the
evidence, we review the evidence in support of and contrary to the trier of
fact's findings to determine whether the evidence is so weak that it renders
the verdict clearly wrong and manifestly unjust or the verdict is contrary to
the evidence.  Johnson v. State,
23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996).  In
conducting this review, we must be mindful that the jury is the sole judge of
the weight and credibility of the evidence. 
See Johnson, 23 S.W.3d at 7. 
The jury may believe or disbelieve the testimony of any witness.  Garza v. State, 82 S.W.3d 791, 793
(Tex. App.BCorpus Christi 2002, no pet.).  








B. 
Retaliation

A person commits retaliation if he intentionally
or knowingly harms or threatens to harm another by an unlawful act in
retaliation for the service or status of another as a public servant, witness,
or informant.  Tex. Pen. Code Ann. ' 36.06(a)(1)(A) (Vernon Supp. 2005).

 

C. 
Analysis

A review of the record shows that the
evidence was both legally and factually sufficient to warrant appellant=s guilty verdict.

Appellant testified that he made statements that
could have been interpreted as intending to cause Officer Weatherford
harm.  Furthermore, he told Officer
Weatherford he was Amessing with the wrong Mexican@ after Weatherford arrested him for driving
while intoxicated.  Officer Weatherford
testified that appellant (1) threatened to harm him and his family at his house
if he found out where he lived, and (2) stated he was going to Atake [Weatherford] out@ and do whatever it took to put him out of
his job.  Appellant argues he only
intended to threaten Officer Weatherford=s job, not his life.  However, Officer Rodriguez corroborated
Officer Weatherford=s testimony and refutes appellant=s argument. 
When viewed in the light most favorable to the verdict, we conclude that
any rational trier of fact could have found beyond a reasonable doubt all of
the essential elements of the offense.  Jackson,
443 U.S. at 318‑19; Cardenas, 30 S.W.3d at 389‑90.  








Finally, appellant=s argument that his statements lacked proof
of any retributive character because they arose out of a single meeting is
without merit.  See Stafford v. State,
948 S.W.2d 921, 923-24 (Tex. App.BTexarkana 1997, pet. ref=d) (upheld conviction for retaliation based
upon a single incident arising out of an arrest).  Therefore, we cannot rule that the evidence
is so weak that it renders the verdict clearly wrong and manifestly unjust or
the verdict is contrary to the evidence. 
See Johnson, 23 S.W.3d at 6-7; Clewis, 922 S.W.2d at
129.  We overrule appellant=s second issue. 

IV. 
CONCLUSION  

The judgment of the trial court is affirmed.

 

__________________________

ROGELIO VALDEZ

Chief Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and

filed this the 1st day of June, 2006.